(69 N. W. Rep. 200.)

---

### EDWARD L. WILLIAMS *vs.* KATE L. WILLIAMS.

Opinion filed November 21st, 1896.

**Divorce—Acceptance of Alimony—Appeal.**

> When, as part of the order of the court for judgment in favor of the plaintiff in a divorce suit, the court directs that the plaintiff pay the defendant a specified sum in full for all claims for alimony, costs, etc., whether for the past or future, and it is apparent that this sum was ordered to be paid on the theory that the marital relations were to stand forever severed by the decree, and because of that fact, and when the defendant accepts said sum, and the final judgment contains no provision relating to the matter, because the same has been settled, the defendant is by the acceptance thereof precluded from prosecuting an appeal from such judgment just as effectually as she would have been had such provision been formally incorporated in the judgment.

Appeal from District Court, Cass County; *McConnell,* J.

Action by Edward L. Williams against Kate L. Williams for divorce. Judgment for plaintiff, and defendant appeals.

Dismissed.

*Newman, Spalding & Phelps,* for appellant.
*Ball, Watson & Maclay,* for respondent.

CORLISS, J. The motion to dismiss appeal must be granted. The appeal is from a judgment rendered in an action for divorce. Findings of fact and conclusions of law having been waived, the court made its order for judgment in the following form: "Ordered that a final decree be entered herein, absolutely vacating and dissolving the bonds of matrimony formerly and now existing between the parties hereto, and absolutely divorcing said parties each from the other. It is further ordered that said

marriage between the parties hereto, which was solemnized at the City of New York, State of New York, in the month of July, 1888, be absolutely dissolved, and that said parties be freed and released from any and all of the rights, duties, and obligations resulting from their said marriage. It is further ordered that the defendant is justly entitled to receive the sum of fifty-two hundred ($5,200) dollars, of and from the plaintiff herein, as and for her temporary and permanent alimony, support money for the past and future, counsel fees, and for any and all other purposes whatsoever; that such sum of $5,200 is the total proportion of all of plaintiff's property to which she is entitled, either in law or equity, and that, upon payment of such sum, said plaintiff shall stand forever released from any and all claims of defendant against him in that behalf; that the plaintiff herein be required to pay to said defendant the sum of $5,200, in full payment, discharge, and satisfaction of all of the claims aforesaid. Let judgment be entered accordingly." The final judgment entered by the clerk in the judgment book contained no provision relating to the sum of $5,200 ordered to be paid by the plaintiff to the defendant. The explanation of this appears to be the fact that, at the time the order for judgment was rendered, the plaintiff paid this sum to the defendant, who by an instrument in writing acknowledged the satisfaction of the money portion of such order. Despite the fact of such payment, the defendant might have insisted that the clerk incorporate in the judgment these provisions of the order. The fact that she had received the sum ordered paid to her would not have destroyed her right to claim that the judgment so entered should embody these features. It would merely prevent her compelling a second payment of the sum awarded her. While, technically speaking, the judgment itself did not give the appellant the right to receive the sum paid to her, yet it is plain to be seen that the consideration for the order that she be allowed such sum is the other provision of the order relating to the subject of divorce. These two provisions of the order are bound up together. Each is dependent on the other. It is true

that the court might have awarded the defendant this sum independently of the granting of a divorce in favor of either party. But it is clear that this is not what was done. The language of the order forbids such a construction. If the order had granted alimony only up to the time it was made, and had not provided for the future, there might be some force in the appellant's contention. But the order goes further. It in effect declares that, as part of the decision of the court that the plaintiff should have a divorce as against the defendant, the court, on the assumption that the divorce is to remain undisturbed, awards the defendant a gross sum for her support, on the theory that she is to be no longer his wife. The language of the order is: "Ordered that the defendant is justly entitled to receive the sum of fifty-two hundred ($5,200) dollars, of and from the plaintiff herein, as and for her temporary and permanent alimony, support money for the past and future, counsel fees, and for any and all other purposes whatsoever; that such sum of $5,200 is the total proportion of all of plaintiff's property to which she is entitled, either in law or equity, and that, upon payment of such sum, said plaintiff shall stand forever released from any and all claims of defendant against him in that behalf; that the plaintiff herein be required to pay to said defendant the sum of $5,200, in full payment, discharge, and satisfaction of all the claims aforesaid."

We have considered this question on the theory that the judgment is adverse to the defendant on the subject of divorce, for it is only on that theory that she has any standing here to complain of it in that regard. The position of the defendant before this court is that she has been defeated in a divorce action on the main point of dissolution of the marital relation, the decision being in favor of the plaintiff for a divorce, and, on the basis that this condition is to continue, has been awarded a gross sum of money in lieu of all her former claims upon the plaintiff as his wife; and yet she insists that she can secure the fruits of this decision, so far as favorable to her, and at the same time be allowed to overthrow the other portions of the decision with

which those parts are indissolubly bound up. We attach no importance to the fact that the clause in the order for judgment relating to the payment of the $5,200 was not embodied in the judgment itself. The question is, not what is in the judgment, but whether the defendant has accepted benefits under the decision of the court which could not have been enjoyed by her had the decision not been made. The test is this: Suppose the judgment should be reversed, will the appellant then hold some substantial advantage to which she would not have been entitled had not the judgment been rendered? It is clear that she will. She will have possession of $5,200 of the money of the plaintiff, given her by the court on the theory that the marital relation should stand dissolved by the judgment of the court; and yet the judgment itself annulling the marriage would be overthrown. A moment's reflection will show the injustice of making a distinction founded upon the fact that the judgment itself does not award, in terms, the money which the court decided that the appellant should have, such money having been paid to the appellant, and received by her before the final judgment was entered. Suppose a plaintiff, who recovers a verdict for only a portion of his claim, should accept the taxable costs before judg ment, and for that reason the judgment itself should contain no mention of costs; would it not savor of the most technical refinement to answer the motion to dismiss the appeal by the argument that he (the appellant) had not accepted anything which the formal judgment awarded him? One who accepts the benefits of a decision accepts the benefits of the judgment based upon such decision just as much when the judgment is silent on that subject as when the judgment contains a provision embracing such matter. Should a court decide that a defendant in an action for specific performance must convey certain land on the payment of a certain sum, and should he receive this amount before the entry of final judgment, and for that reason the judgment should contain no reference to the matter of payment, but should unconditionally require him to convey, would it be seriously urged that

he had not received such a benefit as would preclude the right to reverse the judgment on appeal? And yet such is the exact position of the appellant in this case. Had the money not been paid to her in advance of the entry of judgment, the provision in the order relating to its payment would have been inserted in the jugdment itself. In fact, it was the duty of the clerk to insert it there; for his act in entering the judgment was purely minis-terial. It was his duty to follow explicitly the order of the court touching the character and terms of the judgment to be entered. Especially is such the case in a suit in which findings have been waived, for then only the order can be looked to for the purpose of discovering the character and terms of the judg-ment which the court has directed to be entered. For the pur-poses of this motion it is entirely proper for us to treat the judgment as embodying the provisions which the court ordered should be incorporated in it. The case of *Carll* v. *Oakley*, 97 N. Y. 633, is nearly in point. On appeal from an order of the general term of the Supreme Court dismissing an appeal, the court of appeals said: "The acceptance by the defendant's attor-ney of the costs in the action after the withdrawal of the first appeal was a good answer to the second appeal. It is true that the amount of costs was not fixed by the judgment of April 21, 1881. But the right of the defendant's attorney to costs was adjudged, and the receiver was directed to pay him the costs and disburse-ments, 'to be adjusted by the clerk.' The insertion of the amount of the costs must be referred to his right under the judgment, and cannot be regarded as a voluntary payment by the receiver, but as a payment in pursuance of the judgment. The affidavits disclose nothing inconsistent with this view of the transaction. It seems to be well settled that a party by accepting a benefit under a judgment precludes himself from subsequently appealing therefrom. *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Radway* v. *Graham*, 4 Abb. Prac. 468." On the general proposition that the acceptance of benefits under a judgment which a party could

not claim independently of such judgment is a bar to the right to appeal, see the decision of this court in *Tyler* v. *Shea*, 4 N. D. 337, 61 N. W. Rep. 468.

Having reached the conclusion that the appeal should be dismissed, the other questions discussed are not before us for decision.

The order of the court is that the appeal be dismissed. All concur.