## John G. Earle v. Clara M. Earle.

1. ALIMONY—*May be Allowed for Expenses of Defending an Appeal from an Order Allowing Alimony.*—Alimony may be allowed and the payment thereof enforced during the pendency of an appeal from a former order for the payment of alimony, and money necessary to enable the wife to follow up such appeal may be included in such allowance.

**Separate Maintenance.**—Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

H. S. MECARTNEY, attorney for plaintiff in error.

No appearance for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

In a suit for separate maintenance, wherein defendant in error was complainant and plaintiff in error was defendant, an order was entered upon February 27, 1895, for the payment by plaintiff in error of certain sums for alimony *pendente lite* and for solicitor's fees.

An appeal was prayed and perfected from that order. While such appeal was pending other orders were entered in the court below at different times for payment of alimony pending the appeal and for solicitor's fees in defending the appeal.

Counsel for plaintiff in error says in his brief: "It is to the first order for $250 that this writ of error runs." By this statement, if not as well by the assignment of errors, the consideration of this writ of error is limited to the following order of April 4, 1895:

"And this cause coming on to be heard on motion of complainant for solicitor's fees for defending the appeal of defendant, John G. Earle, to the Appellate Court of the First District of the State of Illinois, from the order of this court made heretofore herein for payment of alimony *pendente lite*, suit money and solicitor's fees, and the court having heard the evidence and the argument of counsel, and being fully advised in the premises, doth order, adjudge and decree that the defendant, John G. Earle, pay to complainant the sum of two hundred and fifty dollars ($250) as her solicitor's fees in her defense in said appeal, and that the same be paid to the complainant or to her solicitor on or before the 11th day of April, A. D. 1895."

We are unable to see how any question can arise as to the power of the court to thus provide the wife with means necessary to prosecute her cause. Section 22, Chapter 68, Revised Statutes; Section 15, Chapter 40, Revised Statutes; Razor v. Razor, 42 Ill. App. 504; Blake v. Blake, 80 Ill. 523.

There is no suggestion that the amount allowed is unreasonable or oppressive.

The order of the Circuit Court is affirmed.