124 N . W. 946.

---

## WILLIAM P. TUTTLE v. LOUISE J. TUTTLE.

Opinion filed December 20. 1909.

### Divorce—Judgment—Acceptance of Benefits Under—Appeal and Error.

1. In an action for divorce, a decree was entered in plaintiff's favor, but awarding defendant $1,250 counsel fees and suit money, which she accepted and retained. She thereafter appealed from the whole decree, and demanded a new trial in this court of the entire case. On motion to dismiss her appeal for the reason that she had accepted benefits under the decree.

*Held,* that inasmuch as on a trial of the whole action in this court, or by the district court, if this court should remand it to that court for a new trial, the court might find such allowance excessive, or that the appellant was not entitled to any allowance for the purpose named, she is estopped from maintaining this appeal from the decree of the district court.

### Appeal and Error—Dismissal Without Prejudice.

2. Under rule No. 36 (91 N. W. 13), providing that the dismissal of an appeal is in effect an affirmance of the judgment appealed from, unless expressly made without prejudice to another appeal, an appeal from a whole divorce decree will be dismissed without prejudice, where appellant's right to appeal from a part of the decree only is not determined.

Action by William P. Tuttle against Louise J. Tuttle. Judgment for plaintiff, and defendant appeals. On motion to dismiss. Dismissed without prejudice.

*Cochrane & Bradley* and *Newton & Dullam,* for appellant.

*Ball, Watson, Young & Lawrence,* for respondent.

SPALDING, J. This is a motion to dismiss an appeal taken by the defendant. Plaintiff brought an action for divorce against the defendant, who appeared and answered, denying the allegations of the plaintiff's complaint, and demanding a divorce in her favor. In her prayer for relief she demanded alimony in the sum of $300 per month during the pendency of the action, sufficient means to pay counsel fees and procure witnesses and evidence to properly defend and prosecute the action, and the necessary funds to defray her expenses for transportation from Chicago to Bismarck, and that she be granted an absolute divorce, and be awarded her just and equitable part of the property accumulated by defendant and plaintiff. On the 27th day of December, 1907, in response to a motion made by defendant, supported by affidavit, demanding that the plaintiff be ordered to pay her attorneys a reasonable sum of money to defray the expenses of the action, including procuring witnesses from the city of Chicago, and other places, and for the taking of depositions, and for a further sum of alimony in the sum of $500 per month during the pendency of the action, the court entered an order directing the plaintiff to pay her the sum of $300 on the first day of each month, commencing on the first day of January, 1908, during the pendency of the action, and the further sum of $250 to Cochrane & Taylor for attorneys' fees and expenses already incurred in the action. The sums specified were duly paid. The action came to trial in December, 1908, and resulted in a decree being entered granting the plaintiff a divorce. No reply was served to defendant's cross-complaint or counter-claim, but an inspection of the records leads to the conclusion that the suit was tried on the theory that one had been served, and that thereby defendant waived a reply. Included in the findings and judgment is a provision whereby plaintiff agreed, and was required, to pay defendant the sum of $300 per month toward her support. The decree also requires plaintiff to pay the attorneys for the defendant the sum of $750 further attorney's fees and the sum of $500 to pay witness' fees and other expenses which had been incurred in the conduct of the defense. The decree was entered on the 9th day of February, 1909. Subsequently a case was settled, and an appeal taken and a new trial of the entire case demanded.

The motion to dismiss the appeal states the grounds as follows: "(1) That the said Louise J. Tuttle, defendant and appellant, is

precluded and estopped from appealing from the judgment of the said district court above referred to and more specifically referred to in the affidavit hereto attached, in that she has taken, received, and accepted benefits under the said judgment of the said district court, and has enjoyed, and is enjoying during the pendency of said purported appeal, advantages, benefits and moneys granted to her under the judgment of said district court; (2) that the defendant and appellant, the said Louise J. Tuttle, in said purported appeal has separated and divided the judgment from which said purported appeal is taken, and accepts a portion of said judgment of said district court, and attempts to appeal from the remainder." On the 8th day of February, 1909, respondent's attorneys transmitted to attorneys for appellant a copy of the findings, which it was stated had already been signed, and separate checks for the items mentioned, including one for $300 for the first month's maintenance. The attorneys for appellant returned the latter check, but retained those for $750 attorney's fees and $500 expense money. It is the retention of these checks that it is claimed constitutes an acceptance of benefits under the decree. A majority of the court is of the opinion that acceptance of these checks estops the defendant from appearing and demanding a trial de novo of the whole case. In Tyler v. Shea, 4 N. D. 377, 67 N. W. 468, 50 Am. St. Rep. 660, it is held that the plaintiff cannot accept what the judgment gives him, and then by appeal pursue a course which may overthrow the right of which he has availed himself, and it seems to make the test this, namely: That if a reversal of the judgment and a new trial may result in the decision showing that the plaintiff was not entitled to what the former judgment gave him, then the appeal should be dismissed on showing that a benefit has been accepted. In Williams v. Williams, 6 N. D. 269, 69 N. W. 47, it is said: "The test is this: Suppose the judgment should be reversed, will the appellant thus hold some substantial advantage to which she would not have been entitled had not the judgment been rendered?"

An application of these tests to the case at bar leads to the conclusion that, the defendant having retained these benefits under the decree, it would be possible for this court to hold, on a trial de novo, required by the statute, that the award of counsel fees and expense money made by the district court was excessive, or that the defendant was not entitled to any allowance for such purposes, or if this

court should determine, as it has the power to do, that this case should be remitted to the district court for new trial, that court might arrive at a different conclusion from the one pronounced in the judgment appealed from, on this question. It is contended that these items were conceded and inserted in the judgment voluntarily by the respondent. This may be true as to the fact of allowing the appellant something for attorney's fees and suit money, but an examination of the record fails to disclose that amount was conceded or fixed by the voluntary act of the respondent, and it appears to have been the act of the court. If this is correct, the amount of such allowance, at least, should be open to review on appeal from the judgment demanding a review, as appellant has demanded, of the whole case. Rule 36 (91 N. W. x i i i) of this court provides that the dismissal of an appeal is in effect an affirmance of the judgment appealed from, unless the dismissal is expressly made without prejudice to another appeal. The question of another appeal is not before us; but, in view of the provision of rule 36, and without holding that appellant either may or may not maintain an appeal and demand a review of only a part of the questions decided, but under the impression that no appeal will lie, we dismiss the appeal without prejudice. This is done to enable her counsel to protect her rights, if she has any left to protect.

MORGAN, C. J., and FISK and CARMODY, JJ., concur. ELLSWORTH. J., disqualified.