MARY ELIZABETH BOYLE v. JOHN BOYLE.

Opinion filed March 18, 1910.

Petition for rehearing denied May 6, 1910.

**Divorce — Appeal — Acceptance of Portion of Judgment — Alimony.**

1. Where the district court makes an allowance for counsel fees in a final decree denying a divorce to the wife, who is plaintiff, and granting a divorce to the husband, and the wife appeals from the judgment, and demands a review of the entire case in the Supreme court, under section 7229, Rev. Codes 1905, and while such appeal is pending the wife's attorneys unconditionally accept the sums allowed by the district court for costs and counsel fees, such acceptance is a waiver of the appeal, entitling the respondent to a dismissal thereof.

**Appeal and Error — Review — Opinion of Trial Judge.**

2. An opinion of the trial judge is not to be considered as explanatory of a final judgment.

ELLSWORTH, J., dissenting.

Appeal from District Court.

Action by Mary Elizabeth Boyle against John Boyle. Judgment for defendant, and both parties appeal.

Dismissed.

*Palda, Aaker, Greene & Kelso,* for the Motion.

*Sinkler & Heder,* opposed.

MORGAN, C. J. Two motions were submitted in this case at the same time, one by the appellant and plaintiff for suit money with which to prosecute this appeal, and another by the defendant to dismiss the appeal, based on the ground that the appellant has accepted benefits under the judgment appealed from, by an unconditional acceptance of the money adjudged to be paid to her for attorney's fees in the district court. We will consider the motion to dismiss the appeal first.

This is an action for a divorce, in which the wife is the plaintiff, and as a ground for divorce she alleges extreme cruelty and the habitual intoxication of the defendant. The answer denies all the allegations of cruelty and intoxication, and alleges an affirmative cause of action for a divorce, by counterclaim or cross-appeal, in which the plaintiff's misconduct is specifically alleged, and a decree of divorce demanded in favor of the defendant. The trial court made findings of fact and conclusions of law in the defendant's favor, and a decree was entered granting a divorce to him.

From that decree the plaintiff has appealed, and demands a review of all the evidence in the case, under the provisions of section 7229, Rev. Codes 1905. The appeal is from the whole judgment. The notice of appeal alleges that the appeal is from "that certain judgment and from each and every part thereof," etc., and the notice further states: "And plaintiff and appellant appeals from the whole and each and every part of said judgment and demands a new trial of said action in the Supreme Court of the state of North Dakota." In her complaint the plaintiff alleges what property the defendant owns, and in the prayer for relief she demands "that defendant be required to pay a reasonable sum into court to defray the expenses of this action, and for counsel fees."

In the judgment is the following provision: "And it is further ordered and adjudged that the defendant pay to the plaintiff upon the entry of this judgment, the sum of two hundred and fifty dollars ($250.00) as suit money in this action." In the affidavit in support of the motion to dismiss the appeal, the attorney for the respondent states: "That judgment was rendered therein the 10th day of September, A. D. 1909, and that thereafter on the 10th day of November, 1909, on demand and by request of the attorneys for the appellant, respondent did pay to the appellant, through her attorneys D. C. Greenleaf and E. R. Sinkler, all sums adjudged against him by the district court of the Eighth judicial district, and that said appellant did furnish to respondent a full satisfaction of that judgment rendered on the date hereinbefore mentioned, all of which was done after the purported appeal was taken from the judgment of the district court of Ward county, North Dakota, as more fully appears by the certified copy of the judgment and satisfaction and copy of the notice of appeal and undertaking hereto attached and made a part thereof."

From the provisions of the judgment and the allegations of the complaint and the findings of the court respecting the financial responsibility of the defendant, it is apparent that the sum to be paid to the plaintiff's attorney for suit money was litigated before the trial court. The judgment of the trial court fixed the sum of $200 as a reasonable attorney's fee, and $50 for costs and disbursements, and thereby the amount to be paid became a part of the final judgment, and as such was conclusive upon all parties until reversed or modified by an appeal. That provision was an adjudication upon one of the litigated questions in the trial court, and a review

of that provision of the judgment was included in the specific demand for a new trial, contained in the notice of appeal. This court would have the power to affirm such provision or reverse or modify it, dependent upon the evidence in this case. The appeal is from the entire judgment, and not from any portion thereof. Either plaintiff or defendant might receive a different judgment in the Supreme Court, inasmuch as all parts of the judgment would be before the court for review in the nature of a trial de novo. This court, on such an appeal, would have power to adjudge that the plaintiff was not entitled to any sum as attorney's fees, and if the evidence warranted it, might grant to the plaintiff a larger amount than given to her by the district court. It is well settled that provisions in a final decree fixing the attorney's fees in divorce cases in favor of the wife are a part of the judgment, and are not independent therof, and are reviewable on an appeal from the judgment. In Nelson on Divorce and Separation, p. 834, it is said: "When an appeal is taken the whole case is open for review upon the evidence, and while the courts hesitate to disturb discretionary orders, it seems that the order for attorney's fees is often changed with great freedom, and the amount reduced to what the appellate court deems a reasonable fee."

For these reasons we think it beyond question that the appeal from the judgment in its entirety brought before this court for review the provision fixing attorney's fees in the district court for services rendered in that court. This being true, it necessarily follows that the prosecution of the appeal through which a different attorney's fee might legally be fixed by the appellate court is inconsistent with an unconditional acceptance of the amount as fixed by the district court. The validity and correctness of the judgment cannot be assailed and its provisions unreservedly accepted. An appellant is not permitted to take such antagonistic positions. The principle is elementary that a voluntary acceptance of the benefits under a judgment is a waiver of the appeal. There are some exceptions to this general principle. If a provision of the judgment appears to have been fixed by consent, or is undisputed, or, for any reason, cannot be changed or reversed by the appeal, an acceptance of the benefit given by such provision is not a waiver of the appeal. This question was considered in Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660, and the principles there decided seem to us to be sound and well supported. In Tuttle v. Tuttle

(recently decided by this court.) 124 N. W. 429, the Tyler case was adhered to under facts not legally distinguishable from those at bar. See, also, Williams v. Williams, 6 N. D. 269, 69 N. W. 47, and Williams v. Williams, 29 Wis. 517.

In Storke v. Storke, 132 Cal. 349, 64 Pac. 578, a similar case was before the Supreme Court of that state. In the final judgment granting a divorce the court awarded to the defendant $250 for alimony and $200 for attorney's fees and costs. Before any motion for a new trial was made by the defendant, the sums which were allowed for alimony and attorney's fees were paid by the plaintiff to the defendant and accepted by her. Thereafter she made a motion for a new trial, and plaintiff moved to dismiss said motion for a new trial, and said motion to dismiss was denied. The plaintiff appealed from the order denying the motion to dismiss the motion for a new trial. In considering that motion the court said: "Another reason exists why the motion for a new trial should be dismissed. Defendant accepted a part of the judgment that was beneficial to her. It was a final judgment, and by its terms gave her $450. This sum was based upon the findings, and was the result of the litigation. Defendant took the $450, and now seeks to attack the judgment through which she received it. This she cannot do. Having taken the benefit, she must bear the burden. The amount of this judgment was not large, but the principle is the same. It may have been as great a hardship to the plaintiff to have paid the $450 as it would be for a wealthy man to pay $450,000. If the defendant should procure a new trial, she would still have the $450, and plaintiff would not have his divorce. If she has used it, or is otherwise unable to pay it back, the plaintiff cannot be placed in the same condition in which he was before the trial. The principle is well settled that a party accepting and receiving the portion of a judgment beneficial to him cannot appeal from it"— citing cases.

In this case the provision for counsel fees is incorporated in the final decree refusing plaintiff's prayer for divorce and granting defendant's prayer for divorce. The trial court filed a memorandum of the grounds on which he bases his decision. In this memorandum he states that $50 is allowed for costs and $200 as attorney's fees, and that such sums "shall be considered as alimony pending suit, inasmuch as the court would have allowed said amount during the trial had motion therefor been made by the plaintiff; the court

therefore makes such allowance in lieu of and as alimony herein." The memorandum or opinion does not in any way change the fact that the allowance was made in the final decree and became a part thereof. The opinion of the judge is no part of the decree, and cannot be considered to explain or change the unequivocal terms of the decree. Whereas the judge states that the allowance of attorney's fees is considered as made pending the suit, the fact remains that it was made in the final decree. The opinion is not the judgment, nor any part of it, and it cannot control the judgment. What we have here said is not to be taken as deciding that a memorandum opinion may properly be made a part of the judgment roll or statement of the case.

It follows that the motion must be granted and the appeal dismissed. All concur, except ELLSWORTH, J., dissenting.

ELLSWORTH, J. (dissenting). I am unable to agree either in the reasoning or the result of the foregoing opinion. I believe that the reasoning of my associates proceeds upon an erroneous view, if not an entire misapprehension, of the purpose for which temporary alimony is allowed by our statute; and that the result announced presents an instance in which a rule of practice well settled, and generally salutary in its application to a proper case, is in this case so misapplied as to be productive of great hardship, and possibly grave injustice. Under our law there is a wide and radical difference both in the purpose and the procedure necessary to an allowance of temporary and permanent alimony. The district court, which seems to be the only court of this state having jurisdiction of an action in divorce, is empowered to allow temporary alimony by section 4071, Rev. Codes 1905, in words as follows: "While an action of divorce is pending, the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." The last clause of this statute has reference unquestionably to suit money, or attorney's fees, which is always regarded as a specific part of the temporary alimony the court is authorized to allow, and is granted under the same conditions. 2 Nelson on Divorce and Separation, section 875.

Authority to allow permanent alimony is given by another section of the statute. "When a divorce is granted for an offense of the husband the court may make such suitable allowance to the wife for her support during her life or for a shorter period as the

court may deem just; and when such divorce is granted for the offense of either the husband or wife, the court may compel such husband to provide for the maintenance of the children of the marriage, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." Section 4073, Rev. Codes 1905. It is therefore apparent that, from its very nature, premanent alimony cannot be granted until, not only the matrimonial status and full property rights, or, in other words, the entire merits of the controversy between the parties, have been investigated and a divorce decreed. As this permanent allowance can be awarded only after all the issues of the case are determined, it is necessarily a part of the final decree. It arises out of the relation of the parties as determined by the judgment of the court in the case, and becomes operative only after the ordinary obligations of matrimony are dissolved. It is readily perceived, however, that an award of temporary alimony becomes necessary and operative at a different time, and involves considerations of an entirely different character. The principle on which it is granted is inherent in the matrimonial relation, and the award is in furtherance of the obligations of that relation and not as a substitute therefor. It is called for as soon as the wife is subjected to the expenses attendant upon an action of divorce. It may be allowed "while the action for divorce is pending," and is intended, among other things, for the purpose of enabling the wife "to prosecute or defend the action." The right to this allowance accrues to the wife at the beginning of the action and ceases upon the entry of a decree; for as noted above, after the determination of the rights of the parties by means of the final judgment, the property rights incidental to the new relation of the parties are governed by an entirely different statute.

As our statute authorizes an allowance of temporary alimony before judgment, and at any time during the pendency of the suit, it follows by necessary implication that this allowance must be made by order. It is assumed that matrimonial cohabitation has ceased before the beginning of an action for divorce, and that during its pendency the wife will be without means of maintenance or support, for her children unless such means can be provided by orders of the court summarily enforced. In order that she may present her cause of action, or defense as the case may be, she must have the necessary means to secure the attendance of witnesses, and

to pay the attorney who conducts her case. If these means may be withheld until the entry of judgment or until the determination of an appeal, which may extend over a period of months or even years, she will suffer great hardship, and in many cases the entire end and purpose of a statute providing for an allowance of temporary alimony will be defeated.

Influenced by considerations such as the foregoing, the cases are in practical agreement that an award of temporary alimony must be made by order of the court, and is not properly included in the final judgment. Williams v. Williams, 53 Hun. 636, 6 N. Y. Supp. 645; Straus v. Straus, 67 Hun, 491, 22 N. Y. Supp. 567; Mercer v. Mercer, 73 Hun. 192, 25 N. Y. Supp. 867; Storke v. Storke, 99 Cal. 621, 34 Pac. 339; and Earle v. Earle, 75 Ill. App. 351. Not only is this allowance entirely extrinsic to the purposes of the action and dependent upon considerations different from those out of which the judgment proceeds, but the ordinary process of execution as applied to judgments is entirely unsuited to the enforcement of such allowance, and, unless other and more summary means are adopted, a wife's action or defense, however meritorious, may lapse at any time through failure of sustenance. It follows from these considerations that an order for temporary alimony is never properly a part of a final decree. Where the court sees fit to include such provision in its decree it is void, or, at best, irregular. Sharon v. Sharon, 75 Cal. 1, at page 38, 16 Pac. 315. In any event, when entered in the decree it should not be regarded as other parts properly included; but should still be treated as a temporary order, the enforcement of which, notwithstanding supersedeas of the decree, remains with the district court. Delor v. Donovan, 157 Mich. 587, 122 N. W. 196. The order making such allowance is appealable, and if the husband is aggrieved thereby there is the most abundant opportunity for review. 2 Nelson on Marriage and Separation, section 875; Traylor v. Richardson, 2 Ind. App. 452, 28 N. E. 205.

I am unable to find any case, or in fact, any recognized authority, which holds "that provisions in a final decree fixing the attorney's fees in divorce cases in favor of the wife are a part of the judgment and are not independent thereof," and cannot, therefore, accept the holding of the majority opinion that such principle "is well settled." The principle announced by such authority as bears upon this point is rather the reverse of this, and to the effect that "the power of the court to order and enforce an allowance for

alimony pendente lite, although an adjunct of the action of divorce, is an independent proceeding standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit or in any way affected by the final decree upon those merits. It grows, ex necessitate rei, out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy." State v. Seddon, 93 Mo. 520, 6 S. W. 342; Dawson v. Dawson, 37 Mo. App. 213.

It is true that such orders are reviewable upon the appeal from the judgment. They are thus reviewable, however, only as interlocutory orders, and not as part of the judgment. If the husband is aggrieved by such order it is his privilege to appeal therefrom at the time the order is entered, or in case the time for appeal from the order has not run, and he has not complied therewith at the time of the entry of judgment, he may appeal from the judgment, and in that connection ask for a review of the order. If he does not appeal, however, or, if he voluntarily pays the sum of money specified in the order, he waives all right to review. He cannot in such case ask that the order be reviewed upon the wife's appeal, even though her specification for review requires a trial de novo of the action. Such trial de novo does not extend to an examination of interlocutory orders.

In the case at bar it seems to have been recognized by both parties and by the court from the beginning of the action that the wife was entitled to an allowance for attorney's fees and other expenses of suit. Through some inadvertence such order was not asked for during the course of the trial, or, as the court indicates in its memoranda, it would have been allowed at once. At the conclusion of the trial the court improperly and irregularly included this allowance in its order for judgment. After judgment was entered the amount ordered to be paid was paid voluntarily by the attorneys for respondent to appellant's attorneys. This payment was, as the record shows, never received by appellant. She was in entire ignorance of the action of her attorneys even though, as held in the majority opinion, such action operated to deprive her of the right of appeal. The attorneys could not have made a stipulation binding upon appellant that she would not exercise her right of appeal. They would not have been authorized without express authority from her to waive an appeal. I cannot understand, therefore, how under any settled practice she should be deprived of this valuable

right through an inadvertent act of the attorneys, the benefits of which, if any, she did not receive or share to the slightest extent.

Being disqualified, I did not participate in the motion to dismiss the action of Tuttle v. Tuttle, cited by my associates as a precedent for their action in this case. The facts in that case are legally distinguishable from this only in that the misapplication of a technical rule of practice there produced hardship and deprivation of right even greater than I believe possible in this case. The holding in that case was announced so recently that it cannot be regarded as a settled rule of practice; and I feel that I must earnestly protest against the perpetuation of a principle so harsh, drastic, and, as I believe, thoroughly unsound, and its extension to another case.

The principle that a party by voluntary acceptance of a benefit under a judgment waives the right of appeal has no application to this case. The benefit, so called, was not awarded by the judgment, but by what was in effect an interlocutory order. The husband, by voluntary payment of the allowance made, admitted in effect that it was reasonable, and that he was not aggrieved by it. The case of Williams v. Williams, 6 N. D. 269, 69 N. W. 47, cited as authority, was one in which it appeared that an award of permanent alimony properly entered in the judgment had been accepted by the wife previous to her appeal. In case of Storke v. Storke, 132 Cal 349, 64 Pac. 578, also cited, the wife accepted a payment awarded by the decree as "alimony," which, as such provision was made upon final adjustment of all the rights of the parties, may be regarded as permanent alimony. It is only necessary to consider the broad distinction between an award of temporary and permanent alimony to be satisfied that the principle announced in those cases has no application whatever to this.

The fallacy of the principle that orders awarding temporary alimony when included in a judgment can be reviewed only by appeal from the judgment is apparent when we consider the remedy of the husband who was successful in this action, in case no appeal had been attempted by the wife, and he had felt aggrieved by the amount of attorney's fees allowed. He could secure a review upon this point only by an appeal from the judgment with the general provisions of which he is entirely satisfied, but which would by such act on his part be placed in peril throughout in order that the court might examine the comparatively insignificant matter of an allowance of temporary alimony. If he, therefore, should be unwilling

to accept the hazard of a trial de novo of the entire judgment, he must waive the right of review on an allowance which he considers excessive. A much sounder theory, it seems to me, is that this allowance must be included in an order from which the husband may appeal specifically, whether the judgment is favorable or unfavorable to him, and which, if it be so desired, may be reviewed on appeal without requiring a trial de novo of a lengthy and complicated action for divorce, with the result of which both parties may be satisfied.

I am therefore of the opinion that upon the facts shown respondent's motion to dismiss should be denied.