**Ketty MONTGOMERY, Appellant,**

v.

**Melvin Mitchell MONTGOMERY, Respondent.**

No. 7732.

Supreme Court of North Dakota.

Feb. 11, 1958.

Walter O. Burk, Williston, for appellant.

Bjella, Jestrab & Neff, Williston, for respondent.

JOHNSON, Judge.

This is an application made by the respondent to dismiss an appeal. It was submitted to this court upon an order to show cause on December 16, 1957. The order to show cause required the appellant to show cause why an order should not be made dismissing her appeal herein.

The appellant sought a separation from bed and board from the defendant and for a division of the property of the parties and for her separate support and maintenance. The defendant, by way of counterclaim in his answer asked for a divorce upon the ground of extreme cruelty. The trial court on April 18, 1957, entered a judgment in the above entitled action granting a divorce to the defendant and divided the property of the parties, allowing the plaintiff, Ketty Montgomery, to retain the household goods, furniture, and furnishings, oriental antiques and curios, furs, clothing, wearing apparel and other personal effects in the home of the parties. The dwelling house of the parties, located in the City of Williston, was granted to the plaintiff. It is described as Lot 6, Block 6, Henry H. Sorenson Third Addition to the city of Williston according to the plat thereof on file in the office of the Register of Deeds of said county. The judgment further provided that the plaintiff was entitled to a cash sum of $500 for the pur-

pose of enabling her to discharge her outstanding obligations. This was to be payable $200 not later than May 1, 1957, $150 not later than June 1, 1957, and $150 not later than July 1, 1957.

On May 8, 1957, the respondent, Melvin Mitchell Montgomery, pursuant to the judgment by quitclaim deed transferred to the appellant the dwelling house located on Lot 6, Block 6, Henry H. Sorenson Third Addition to the City of Williston. The deed was recorded June 4, 1957, in Book 128 of Deeds at Page 17, Williams County, North Dakota. On April 26, 1957, the defendant issued his check for $200 to the plaintiff. On May 28, 1957, he paid the plaintiff another $150 by check. On June 29, 1957, he paid plaintiff the remaining $150 due on the cash payment required by the judgment. The plaintiff received, accepted and cashed these checks. She presented them for payment promptly after each check was issued.

On August 22, 1957, the appellant mortgaged the dwelling house that she had received from the defendant to one Fekla Taylor for $4,260. This mortgage was recorded the same day of its execution, in Book 273 of Mortgages on Page 235. The mortgage was executed by the plaintiff and acknowledged before her present attorney, a notary public in Williams County, North Dakota. In her reply to the application to dismiss this appeal she offered to procure a release of the mortgage. This release was obtained by her on or about the 10th day of January 1958, and was recorded in the office of the Register of Deeds, Williams County, North Dakota, on January 13, 1958, and is there recorded in Book 275 of the Satisfactions on page 301. The appellant has tendered restitution of all of the benefits that she received under the judgment. She has tendered the respondent a quitclaim deed to the premises that he deeded to her. She has offered to repay the $500 plus interest, in the sum of $515.68,

and says that she has sent a cashier's check to the defendant in that amount.

The plaintiff was born in Siberia. She is of Mongolian extraction. She met the defendant in China and came to the United States in 1947. She asserts that she has practically no knowledge of American customs, very little, if any, knowledge or comprehension of the operation of the American judicial system and has inadequate knowledge of the English language.

■ At the trial of the divorce action she was represented by a Williston attorney. She says that he did not advise her that it was improper for her to cash the checks that she received from the defendant; that she did not have the remotest idea that the acceptance of the checks and the property awarded to her under the judgment would jeopardize her right of appeal. She also asserts that she did not know that she had received a quitclaim deed and that she never saw the deed; that she knew nothing of its recording. But it is apparent that she must have known, or it must be presumed that she knew of its recording, as she mortgaged the premises to Fekla Taylor as her property and asserts therein: "that she has good right to convey the same * * *." Her attorney at the time of the trial of this action asserts that he never saw the quitclaim deed given by the defendant to the plaintiff. But someone recorded the deed. It is inconceivable that she would attempt to mortgage the property without having knowledge of the fact that she owned it. Her present attorney on this appeal asserts that it was her intent to mortgage only her joint interest in the property. The property was in joint tenancy prior to the completion of the trial of this action. The mortgage, however, covers the entire fee. It is not a mortgage of only her interest therein.

■ By the great weight of authority, it is held that where a decree of divorce

awards alimony or property to one of the parties, and the latter accepts any payment of alimony or any part of the property under the decree, such party thereby waives the right of appeal or to a writ of error as to the divorce. Williams v. Williams, 6 N.D. 269, 69 N.W. 47; Boyle v. Boyle, 19 N.D. 522, 126 N.W. 229; Tuttle v. Tuttle, 19 N.D. 748, 124 N.W. 429. See also 169 A.L.R. at pages 999 and 1000. For an extensive collection of authorities as to the general rule applicable to all types of judgments see Miller v. Miller, dissenting opinion, 76 N.D. 558, 578, 38 N.W.2d 35, 45.

The record in this case indicates that the plaintiff not only accepted all the benefits to which she was entitled under the judgment and decree of divorce, but retained them for a long time before she served notice of appeal.

It is apparent from the entire record presented to us upon this application, that the appellant's attempt at restitution was not made until she was confronted by the application to dismiss the appeal in this case. Then she made a tender of restitution of the benefits that she had received, apparently in an attempt to avoid the consequences of the general rule heretofore cited. She is attempting to restore the property that she received to the defendant and thus avoid the consequences of the generally applicable law.

█ It is true that the plaintiff may not be well versed in the English language and that she may have meager knowledge of American customs and little if any knowledge of the American judicial system. But she had the benefit of legal counsel at the trial of this action and also in the prosecution of her appeal. Her attempt to escape the consequences of the application of the general rule is based entirely upon her ignorance of the legal consequences of accepting the benefits of the judgment. Her ignorance of the law cannot excuse her. Her waiver of the right

of appeal was complete many months before she served notice of appeal. She retained the benefits until confronted with the possibility of being precluded from prosecuting her appeal.

The only authority cited by the appellant with reference to her right to prosecute her appeal after having accepted, received and retained all of the benefits to which she was entitled under the judgment is found in 29 L.R.A.,N.S., page 29. It says:

"The courts who hold that a litigant complaining of a decree or judgment partly in his favor, who has received the money it awarded him, will not be allowed to prosecute appeal or error to review it unless he shall restore his adversary to the statu quo ante, logically imply that if he repays or tenders restitution of what he has received under such decree or judgment, he will be permitted to proceed with his appeal or writ of error. No express decision to this effect has been found. The few decisions concerning the effect of tenders of restitution, that have been reported, have been rendered by courts not subscribing to the statu quo doctrine."

In the same footnote we find:

"An appellant, by tendering a return of the money he has received under a judgment, cannot regain the right to prosecute an appeal from such judgment, which he has waived by voluntarily accepting such payment. Dunham v. Randall & Chambers Co., 11 Tex.Civ.App. 265, 32 S.W. 720."

The plaintiff's and appellant's acceptance of the entire benefits awarded her under the judgment and decree of divorce are wholly inconsistent with her attempt to attack the judgment and appeal therefrom. Her unconditional and voluntary accept-

ance of all the benefits granted her under the judgment and decree in this action precludes her from maintaining her appeal. We find no circumstances in the record before us or any law which would warrant this court to deviate from the well established rule hereinbefore set forth and now allow the appellant to prosecute her appeal.

The motion to dismiss the appeal is granted.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ., concur.