Kay I. PIPER, Plaintiff-Appellant,

v.

Richard J. PIPER, Defendant-Appellee.

Civ. No. 9125.

Supreme Court of North Dakota.

Oct. 7, 1975.

Overboe & Anderson, West Fargo, for appellant; argued by David A. Overboe, West Fargo.

Lanier, Knox & Olson, Fargo, for appellee; argued by P. W. Lanier, Jr., Fargo.

PEDERSON, Judge.

This is before us on a motion for dismissal of the appeal.

Kay I. Piper and Richard J. Piper were divorced on November 14, 1974. Not being satisfied with the property settlement, Kay moved for a new trial on January 13, 1975, on the grounds that the judgment was contrary to the evidence, that the court abused its discretion, that there were errors of law, and that there was newly discovered evidence. This motion was denied and Kay appealed it to this court. Richard then moved for dismissal of the appeal under Rule 27 of the Rules of Appellate Procedure upon the ground that Kay had accepted substantial benefits under the judgment and had thereby waived her right of appeal. We deny the motion.

The benefits which Richard claims Kay accepted under the judgment are: (1) a 1969 Buick automobile; (2) a savings account containing $6,082.50; (3) a life insurance policy; (4) a house in which she is living in Casselton; (5) household goods and effects; and (6) several child support payments of $350 each.

■ It is a well settled rule in this State that where a party, knowing the facts, voluntarily accepts the benefits accruing to him under a judgment, the acceptance estops him from afterward maintaining an appeal or writ of error to review the judgment. *State v. Langer,* 64 N.D. 744, 256 N.W. 194 (1934); *Tyler v. Shea,* 4 N.D. 377, 61 N.W. 468 (1894). This rule has been frequently applied in divorce proceedings. *Williams v. Williams,* 6 N.D. 269, 69 N.W. 47 (1896); *Montgomery v. Montgomery,* 88 N.W.2d 104 (N.D.1958).

There are exceptions to this rule. In *Tyler v. Shea, supra,* one of the first cases where this court dealt with the problem of waiver of appeal by acceptance of the benefits of the judgment, we said:

"Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken,

and will be sustained, despite the fact that the appellant has sought and secured such benefit." *Tyler v. Shea,* 61 N.W. 469.

This exception to the rule was affirmed in *Williams v. Williams, supra.*

In a case where the appellant was deemed to be estopped from appealing because her attorney had accepted fees from the appellee that were decreed in the judgment, this court further explained the *Tyler* exception to the general principle as follows:

"If a provision of the judgment appears to have been fixed by consent, or is undisputed, or, for any reason, cannot be changed or reversed by the appeal, an acceptance of the benefit given by such provision is not a waiver of the appeal." *Boyle v. Boyle,* 19 N.D. 522, 524, 126 N.W. 229, 230 (1910).

In *Grant v. Grant,* 226 N.W.2d 358, 361 (N.D.1975), we affirmed the general rule and explained its prerequisites in stating:

"Before the waiver of the right to appeal can be found to exist, there must be an unconditional, voluntary and conscious acceptance of a substantial benefit under the judgment."

■ An acceptance of substantial benefits under a judgment does not waive the right to appeal from that judgment if (1) the benefits were fixed by consent, are undisputed, or could not be changed or reversed by the appeal; (2) the acceptance of the benefit was conditional, involuntary, or unconscious. In this case all the benefits, with the exception of the child support payments, fit within the exceptions mentioned.

In the trial court Richard conceded that he was willing to make his wife and children beneficiaries of an insurance policy covering himself. He also stated that he was willing to give Kay his interest in the house in Casselton, the automobile, household fixtures, and the money she had in the bank. Kay possessed these items before, during and after the trial. These items

were all given with consent and are undisputed. The dispute is over the amount of the cash settlement representing the remainder of the parties' property and is the only question on appeal. The changes in the life insurance policy and the automobile title were both made without her knowledge and, therefore, without her assent. It is immaterial that she may have received notice later.

■ A property division in a divorce judgment usually differs from other types of judgment awards in that the property is often jointly owned by the parties or they have both contributed to its acquisition. Consequently, our courts are statutorily directed to make a just division of such property, taking into consideration, *inter alia,* the duration of and conduct during the marriage and the amount of property acquired during the marriage. *Dahl v. Dahl,* 97 N.W.2d 844 (N.D.1959).

Richard argues that the property that Kay was awarded should all be viewed as benefits, the acceptance of which would waive the right to appeal from the judgment. If we were to follow this line of reasoning and view all the jointly owned property that each party is awarded by the divorce judgment as a benefit, then neither party could appeal unless that person divested himself or herself of all the property awarded. If Richard disagreed with the judgment, he would have to place his farmland, machinery, house, car, and other property in escrow, or give Kay possession, in order to appeal from the judgment. This is clearly uncalled for and this court has never so held. It would be invidious discrimination to impose such a requirement on Kay and not on Richard.

■ It is both practical and just that if one jointly or individually possesses an asset during the pendency of a divorce action and is subsequently awarded that asset by the divorce judgment, he should not have to divest himself of that asset before appealing the judgment. This is most obvious when the asset is a necessity of life.

As to the child support payments, "the courts may decline to apply the general rule where custody of children is awarded to the wife, and provision is made primarily for the care, support, and benefit of such children, and in such case the acceptance of the support provision may not preclude the wife from the right of appeal." 27A C.J.S. Divorce § 188, at 787.

■ The rationale of this exception to the general rule is that the child support payments are not a benefit to the spouse but rather for the benefit of the children. The spouse is only a conduit. *Brackin v. Brackin,* 182 So.2d 1 (Fla.1966). Being a conduit, her acceptance of child support decreed does not preclude her from personally attacking the divorce judgment. *Atwood v. Atwood,* 229 Minn. 333, 39 N.W.2d 103 (1949).

Richard was obligated to provide support for his children and the support payments made after the judgment date did not prejudice him in any way and are not likely to be changed as a result of the appeal.

The motion to dismiss is denied.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.