**Sharon NASTROM, Plaintiff, Appellant,**

v.

**Ned NASTROM, Defendant, Appellee.**

**Civ. No. 9375–A.**

Supreme Court of North Dakota.

Feb. 23, 1979.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Daniel J. Chapman, Bismarck.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for defendant and appellee; argued by Patrick Conmy, Bismarck.

PAULSON, Justice.

The plaintiff, Sharon Nastrom, commenced an action for divorce against her husband, Ned Nastrom. A judgment of divorce was entered in the Burleigh County District Court in February of 1977. Sharon Nastrom appealed from the judgment of divorce to this court [262 N.W.2d 487 (N.D. 1978)]. Our court remanded the case for further hearing, pursuant to the directives set forth in the opinion.

A second trial was held before the Burleigh County District Court, the Honorable Benny A. Graff, Judge, presiding. A judgment was subsequently entered therein on November 10, 1978. Sharon Nastrom has appealed from this judgment. However, she has been unable to pay the court reporter the $1,500.00 fee required in order to secure a transcript of the trial.

Ned Nastrom has made a motion to dismiss the appeal, pursuant to Rule 27 of the North Dakota Rules of Appellate Procedure. The motion is denied.

Mr. Nastrom contends that Mrs. Nastrom disposed of certain personal property consisting of a pool table, two old couches, two snowmobiles, and a snowmobile trailer, for the sum of $925.00. In addition, Mr. Nastrom contends that the real estate mortgage payments of $500.00 per month for November and December of 1978 constitute acceptance of benefits by Mrs. Nastrom under the judgment of divorce. He asserts that, as a result of the sale of these items of personal property and the payments on the real estate mortgage on the home occupied by Mrs. Nastrom, she has accepted substantial benefits under the judgment from which she is appealing and that, therefore, the appeal should be dismissed.

Mrs. Nastrom counters with the assertion that the pool table and the two old couches were included within the provision of the judgment of November 10, 1978, awarding to her "all household furniture . . . with the exception of those items agreed upon by the parties to be turned over to . . . [Mr. Nastrom]". It is assumed that Mr. Nastrom some time ago secured such household items as were agreed upon by the parties, since he and his wife have been separated since March of 1976.

■ The general rule in this State, as enunciated in *Grant v. Grant*, 226 N.W.2d 358, 361 (N.D.1975), is that

". . . where a divorce is granted, a party who accepts substantial benefits under the judgment waives his right of appeal."

*Piper v. Piper*, 234 N.W.2d 621 (N.D.1975); *Montgomery v. Montgomery*, 88 N.W.2d 104 (N.D.1958); *Bohl v. Bohl*, 72 S.D. 257, 32 N.W.2d 690 (1948); 29 A.L.R.3d 1184. However, this rule is subject to exceptions. In *Grant, supra* 226 N.W.2d at 359, in paragraph 1 of the syllabus, it is held:

"1. Before a waiver of the right to appeal from a divorce judgment can be found to exist, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under the judgment."

*Piper, supra*, reaffirmed the decision in *Grant, supra*, where the acceptance of the benefit was conditional, involuntary, or unconscious. Mr. Nastrom contends that the monthly payments on the real estate mortgage were voluntary, but then admits that they were involuntary. The rationale of *Piper* and *Grant* is adopted. We conclude that the payments ordered by the court to be paid to the mortgagee on the real estate mortgage did not constitute a voluntary acceptance by Mrs. Nastrom of benefits pursuant to the judgment.

■ The disposition of the pool table and the two old couches by Mrs. Nastrom certainly should be categorized as the sale of household furnishings. Concerning the sale of the pool table and the two old couches, while there may be some conflict by the parties as to the interpretation of the language of the judgment, we determine that these three items constitute household furnishings and, further, that the award of the same to Mrs. Nastrom would not be changed by the court either on appeal or on remand to the district court, should the latter alternative become necessary. *Piper, supra* 234 N.W.2d at 623.

The ownership and possession of the two snowmobiles and the trailer, while not considered as household furniture, were in dispute by the parties. The snowmobiles and trailer were apparently purchased in Minnesota and at least one of the snowmobiles was licensed in the name of Mrs. Nastrom. The second snowmobile and the trailer, while they may have been the joint property of the parties, were, according to the

record, gifts to the Nastroms' daughter. They were sold and the proceeds were retained by Mrs. Nastrom without any objection by their daughter. The proceeds of such sale were not substantial. A perusal of the record reveals that the receipt of $925.00 as the proceeds of the total sales by Mrs. Nastrom represented only a minute fraction of the value of the property owned by the Nastroms. This court again adopts the rationale of *Piper, supra,* and *Grant, supra,* and, accordingly, concludes that Mrs. Nastrom is not estopped from pursuing this appeal.

Mrs. Nastrom has made a motion for the payment of transcript fees. She stated in her affidavit in support of such motion that she is without sufficient funds to pay for the transcript. Mrs. Nastrom's counsel, in oral argument before this court, stated that Mrs. Nastrom is desirous of having Mr. Nastrom advance the necessary transcript fee, and that such fee be deducted from the payment of $10,000.00 which was awarded to her pursuant to the judgment. In view of the financial disparity which exists between Mr. and Mrs. Nastrom, we direct that Mr. Nastrom pay the sum of $1,500.00 to the court reporter for the transcript fee on or before the first day of March, 1979, and that such payment be deducted from any lump sum payment awarded to Mrs. Nastrom.

The motion to dismiss the appeal is denied, and the motion for the payment of the transcript fee is granted.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.