(87 App. Div. 344.)

### UNITED PRESS v. A. S. ABELL CO. et al.

(Supreme Court, Appellate Division, First Department.  November 13, 1903.)

1. ASSOCIATIONS—JOINT LIABILITY OF MEMBERS—JUDGMENT AGAINST INDIVIDUAL.

> Several persons contracted under the name of the B. N. Association to receive a news supply from the Associated Press, which they were to have the right to supply to persons other than members of the association, which was unincorporated. *Held*, that the association was in effect a partnership, and its contract was a joint obligation, so that the individual liability of all its members was merged in a judgment taken against one of them individually.

Appeal from Special Term, New York County.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William C. Davis, for appellant.

Henry T. Fay, for respondents.

PATTERSON, J.  The plaintiff procured an attachment against the property of the A. S. Abell Company and of the Herald Publishing Company, two foreign corporations, in an action in which those defendants were joined with one Felix Agnus, manager and trustee of the Baltimore American newspaper.  The warrant of attachment was granted after judgment in the action had been entered against Felix Agnus individually.  The defendants the Abell Company and the Herald Company moved to set aside and vacate the attachment on the ground that the contract involved in the action was a joint and not a several contract between Agnus and the other defendants, and that, the plaintiff having recovered its judgment against Agnus individually, the other defendants were discharged from liability, the cause of action being merged in the judgment

against the defendant Agnus.   The motion to vacate the attachment was granted, and from the order entered thereupon this appeal is taken.

There can be no doubt, upon the record before us, that the contract was a joint one.   The defendants in this action agreed conjointly with the New York Associated Press, to whose rights the plaintiff has succeeded, to pay for certain services to be rendered by the Associated Press and the plaintiff.   The defendants contracted in form as the Baltimore News Association, and all the obligations assumed by the defendants under that contract were joint in their nature.   Such an unincorporated association is a partnership, the association having been formed for pecuniary profit.   It was to receive news from the Associated Press, with the right not only of its members to use the same, but the association as an association had the right to contract to supply the news so furnished by the Associated Press to other newspapers than those the proprietors of which were members of the association.   That appears by the fifth paragraph of the agreement, upon which the plaintiff sued, and hence it must be said to have been engaged in a commercial enterprise, and, as remarked in McCabe v. Goodfellow, 133 N. Y. 95, 30 N. E. 728, 17 L. R. A. 204, there is a distinction as to the relationship of the members of an association formed for the purposes of pecuniary profit and an association formed for other objects.   In that case the court says:

"In National Bank v. Van Derwerker, 74 N. Y. 234, the association belonged to the former class, and was engaged in a commercial enterprise, and it was shown that the officer contracting the debt had authority to bind its members. Such associations have, in fact, all the powers and incidents of a partnership, and their transactions are governed by the law relating to such adventures: but associations formed for moral, benevolent, social, or political purposes rest upon a different basis."

The contract sued on here, being in the nature of a partnership obligation, is a joint obligation made in its name, and having attached to it all the incidents of a joint obligation.   The plaintiff having elected to take a judgment against one of the joint debtors, the cause of action against all is merged in the judgment.   Heckemann v. Young, 134 N. Y. 172, 31 N. E. 513, 30 Am. St. Rep. 655.

The motion to vacate the attachment in this particular action was properly granted, and the order must be affirmed, with $10 costs and disbursements.   All concur.