UNITED PRESS et al. v. A. S. ABELL CO. et al.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1 ATTACHMENT—JOINT CONTRACT—LIABILITY—MOTION TO VACATE.
    In an action on a joint contract seeking to hold all the contracting parties liable upon their joint obligation, the question of whether or not a cause of action against all the defendants was merged in a judgment recovered in another action upon the same contract against one of defendants individually should not be determined on a motion to vacate an attachment.

Appeal from Special Term, New York County.

Action by the United Press and others against the A. S. Abell Company and others.   From an order vacating an attachment, plaintiffs appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William C. Davis, for appellants.

Henry T. Fay, for respondents.

PATTERSON, J.   The order vacating the attachment issued in this action should be reversed.   That order was granted upon the same grounds which induced the court to vacate an attachment in another action between this plaintiff and some of the defendants herein, and which order we have affirmed.   However, a very different question arises in this action from that which controlled the decision in the other cause.   84 N. Y. Supp. 425.   There, upon a joint contract, the plaintiff elected to enter a judgment against an individual defendant, and we held that the cause of action was merged in the judgment, and that that judgment was a bar to a recovery against the other defendants.   But here the action is constituted in an entirely different way, and all the members of an unincorporated association are sought to be held liable upon their joint obligation.   It is true that it is upon the same contract, but the questions of law that may arise in the action should not be absolutely determined until after answers are interposed and issues are properly framed, so that the whole scope of the controversy may be before the court.   If the judgment taken in the first action is to be regarded as a bar, it must be set up as a plea in bar.   If it is to be regarded as an estoppel in this particular suit, that question will properly arise when that judgment is offered in evidence on the trial.   We do not feel called upon to decide it until it properly arises.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.