## J. H. CLEMENTS V. A. L. MILLER, GRANT S. HAGER AND HARRISON GARNETT.

Opinion filed June 11, 1904.

**All Parties to a Joint Contract Must Be Made Defendants.**

1. All parties to a joint contract should be made parties defendant in an action to enforce the obligations imposed by such contract.

**The Obligations of Parties to a Contract Are Joint Unless It Otherwise Appears.**

2. In the absence of language in a contract showing a contrary intention, the obligations of parties to a contract are presumed to be joint, and not several.

**Such Obligations Similar to Those of a Partnership.**

3. The obligations assumed by parties to a joint contract of hiring are the same as those assumed by partners in a contract of similar nature, and are joint obligations.

**Joint Obligations — Partnership — Parties.**

4. Evidence considered, and *held*, that a copartnership relationship was not created, and that the obligations created by the contract involved in this action were joint, and that all parties thereto should be made parties in an action on the contract.

Appeal from District Court, Pembina county; *Kneeshaw, J.*

Action by J. H. Clements against A. L. Miller and others. Judgment for plaintiff, and defendants appeal.

Reversed.

*Bosard & Bosard,* for appellants.

In a plea of abatement for nonjoinder, proof not necessary that plaintiff knew of partnership. Norwood v. Sutton, 1 Cranch C. C. 327.

All joint obligors should be made parties to a suit. Gilman v. Rivers, 10 Peters, 298, 9 L. Ed. 432.

Where parties seek to incorporate and fail, they become partners. 85 Ill. 184. The liability of partners for debts and obligations of the firm is joint, not joint and several. Harrison v. McCormick, 11 Pac. 456; Northern Insurance Co. v. Potter, 63 Cal. 157; Sandusky v. Sidwell, 173 Ill. App. 493; Slutts v. Chafee, 4 N. W. 763; Brown v. Fitch, 33 N. J. L. 418; Dobb v. Halsey, 16 Johns. 34, 8 Am. Dec. 297; LePage v. McCrea, 1 Wend. 164, 19 Am. Dec. 469; Haines v. Hollister, 64 N. Y. 3; Marvin v. Wilber, 52 N. Y. 270.

In the absence of legislation to the contrary, members of a joint stock company are liable, like partners. Hunnewell v. Willow Springs Canning Co., 53 Mo. App. 245; Bane v. Clinton Loan Ass'n, 112 N. Car. 248.

Unincorporated companies do business as partners, and all are liable and must be joined in a suit by or against the association. Williams v. Bank of Michigan, 7 Wend. 542; Wells v. Gates, 18 Barb. 554; Hoss v. Werts, 4 Sorg. & R. 356.

*C. A. M. Spencer,* for respondents.

MORGAN, J. The complaint alleges a cause of action against the defendants for materials furnished them and for services rendered for them, in all of the value of $157.65. The defendants' answer admits that plaintiff furnished materials and performed services for them and for other persons, and alleges that such other persons are

necessary parties to the action, and that they are interested with defendants in the result thereof. In such answer the names of the persons claimed to be necessary parties are given. The answer further alleges that nothing is due on the part of any one for such services, on account of damages incurred by the performance of such services in an imperfect manner, and on account of plaintiff's incompetence exceeding the contract price of the services. The issues were submitted to a jury, and they found a verdict in plaintiff's favor for the full amount claimed. A motion for a new trial was made, based on a settled statement of the case, and was denied. Judgment was rendered on the verdict, and defendants appeal from the same.

The principal specifications of error relate to a defect of parties defendant. The nonjoinder of the parties named as necessary parties was claimed as fatal to recovery against the three defendants served with summons, by motion at the close of the testimony, and on the motion for a new trial by specifications that the evidence is insufficient to sustain a verdict against the three defendants. Exceptions were also taken to the charge of the court submitted to the jury upon the theory that the defendants would be liable if the contract was several, or joint and several. We think that the specification that the evidence is insufficient to sustain a verdict against these defendants should have been sustained and a new trial granted. The nonjoinder of the persons named in the answer as necessary parties defendant is fatal to the recovery against the defendants.

The record discloses the following facts: About fifteen of the citizens of St. Thomas, N. D., by joint action and by joint contract or subscription, built a telephone system in the village for the use of subscribers only. The subscribers agreed in writing to pay their pro rata share of the cost of the materials for use in such system, and for the work of putting such system in working operation. After such system was constructed and in operation, it was ascertained that the cost thereof to each subscriber was $53, and the same was paid by each of said subscribers. Later, and in September, 1902, the system needed repairing and extension, as other persons desired telephones placed in their houses and became subscribers to the contract, agreeing that they would pay said sum of $53 if the system was extended to their houses. There were about 25 additional subscribers in September, 1902. The subscribers met, and appointed the defendants herein and one Nelson managing officers,

and also a board of directors, consisting of the four persons who were officers and one T. A. Miller. These officers, as a board of control or directors, had authority to act for all the subscribers and acted for them in the management of the system, and had full control of it for the subscribers. The plaintiff dealt with this board entirely in the making of the contract and in carrying on the work that he was to do under the contract. The question is raised by the answer as to whether there is a defect of parties. Inasmuch as the complaint does not show upon its face that there is such a defect of parties, it is therefore properly raised by answer, and, if not so raised, no objection can thereafter be made that there is a defect of parties defendant. Section 5272, Rev. Codes 1899. The subscribers to this contract for a telephone system did not become associated together by securing a charter as a corporation, nor did they enter into copartnership articles, nor were their relations to each other or to the public, or their character when acting in a collective capacity as a body or through authorized agents, defined by any writing or oral agreement. The only writing spoken of in the record is the contract signed by the subscribers, agreeing to pay the cost of putting in telephones for them at the price therein specified. Who owned the property, how it could be transferred from one to another, what became of a subscriber's interest upon his removal from the village or upon his withdrawal from the company, how he might withdraw, or how new members may be added, are not hinted at in the record. These persons associated themselves together for the purpose of securing for one another a local telephone system. One witness, an officer of the company, says: "This local telephone exchange consists of a number of citizens of St. Thomas that went in to put in telephones for the convenience of those who were subscribers. We called it a 'joint-stock company'— that is what we called it. Each man paid his share. We didn't know what it would cost, but we had a writing that we would put it in and pay our share, which we did."

The record shows that they derived no pecuniary profit and were not to derive any profit out of the operation of the system. No revenue was to come in from the operation of the system. The system was an automatic telephone system, and no expense was incurred in its operation except for repairs. It does not, therefore, constitute a partnership under our statute defining a partnership as an association of persons for the purpose of carrying on business together and dividing its profits

between them. Section 4370, Rev. Codes 1899. There is nothing in the record to show that the parties intended that their relations in respect to this undertaking should be those of partners. No one of the persons thus associated together had any individual authority in the matter. All power and authority was specially delegated to the so-called "board of control." If these parties had contracted to put in this telephone system for profit from the use of telephones by the public generally, it would be deemed a partnership, and the liability of the subscribers to third persons on their contracts would be joint. Section 4394, Rev. Codes 1899; Harrison v. McCormick, 69 Cal. 616, 11 Pac. 456; Insurance Co. v. Potter, 63 Cal. 157; Winona Lumber Co. v. Church, 6 S. D. 498, 62 N. W. 107. It is not necessary to determine, and we do not, what this so-called "joint-stock company" was in its legal character as a collective body.

It is necessary, however, to determine with whom the contract was made, and what was the nature of the contract as to its being a joint, or a joint and several, obligation. If it was a joint obligation, all the members were necessary parties defendant and must be joined as such, if not waived by not properly raising the objection that there was a nonjoinder. If a several obligation, or a joint and several one, then all the subscribers or members need not be joined as defendants. In Harrison v. McCormick, supra, it was said: "It is well settled that parties to a joint contract must all be made defendants." Section 271, Pomeroy's Code Remedies, says: "When the liability is joint, all the persons upon whom it rests must be united as defendants in an action brought upon the contract. This rule is general, and applies to undertakings, obligations, and promises of all possible descriptions." Our Code lays down the same rule. Section 5232, Rev. Codes 1899. In Harrison v. McCormick, supra, under the same statute, it is said: "The rule is well settled that several persons contracting together with the same party for one and the same act shall be regarded as jointly, and not as individually or separately, liable, in the absence of any words to show that a distinct, as well as entire, liability was intended to fasten upon the promisors." Obligations imposed upon several individuals are presumed to be joint obligations, and not several. Such is the express language of section 3766, Rev. Codes 1899, and such is the general rule in the absence of statutory regulation. Parsons on Cont. (9th Ed.) vol. 1, p. 12; Elliott v. Bell, 37 W. Va. 834, 17

S. E. 399; Wharton on Cont. vol. 1, section 827; Harrison v. McCormick, supra; Rider L. Raft Co. v. Roach, 97 N. Y. 378. In this case the defendants were the express agents of all the parties under contract between themselves to build a telephone system. The plaintiff was to do certain work for these persons, and these persons were to pay him five dollars per day for doing it. There was no language in the contract to indicate, or which tended to indicate, that the promise to pay was other than a joint promise. No reasons exist to show that these three defendants were obligating themselves to pay for work that did not benefit them individually in any way. They, like many other of the subscribers, already had telephones in their possession and use, and no benefit is shown to result to them especially by the contract in question. Hence the contract comes within the rule that it is a joint promise of the subscribers, and imposed obligations as a whole upon them jointly, being the same obligation against the subscribers as though they were partners in fact. There was no several or individual or distinct promise assumed by any one, and no promise assumed by one in a different manner than was assumed by all. It was, therefore, a joint contract, and all parties thereto must be made parties to a suit thereon unless waived. Kierstead v. Bennett (Me) 45 Atl. 42; Detroit Light Guard Band v. First Mich. Ind. Infantry (Mich.) 96 N. W. 934; United Press Co. v. Abel, 84 N. Y. Supp. 425.

There are exceptions in special cases provided for by section 3766, Rev. Codes 1899, supra, but none of them apply to the facts of this contract. In some cases all joint promisors need not be made parties defendant, but there is no showing here to bring the case within any of the exceptions. It is strenuously insisted by respondent that the evidence shows that the contract was made by these defendants for themselves, and that the other subscribers were not in any way mentioned by these defendants and plaintiff when the contract was entered into. The evidence conclusively shows the contrary, and shows that plaintiff was told by them that they were acting for the subscribers as their agents. Plaintiff says: "I knew these different men I have sued were the board of control before, and I knew it from the start,   *   *   *   before I did any work at all." He further says that he supposed these subscribers named in the answer were copartners for the purpose of keeping up the line, and that he learned who composed the board of control from Mr. Miller, a member of the board. The fact that plaintiff was informed

that the persons who hired him did so, not for themselves, but for the subscribers, is overwhelmingly sustained by the evidence. In fact, there is not any evidence to the contrary. It is true, as stated by plaintiff, that he dealt with no one except these defendants; but that he dealt with them as principals, or as acting for themselves, is not sustained by any fact in evidence.

A direction of a verdict for the defendant at the close of the testimony would have been proper. A new trial should also have been granted on the ground stated in the motion for a new trial, to wit, that the evidence was insufficient to sustain the verdict. It was also error to charge the jury to the effect that if, at the time the contract was made and entered into, the plaintiff understood and believed that he was contracting with the defendants individually, and the defendants did not disclose to or inform the plaintiff that the contract was not being made by them individually, but was being made by them as the agents of others, then plaintiff must recover a verdict. There was no dispute in the evidence as to the contract, and what was said when it was made, in these respects. The court also charged the jury that if the contract was not a joint, but a several, contract, the plaintiff must recover, and that, if it was a joint contract, the plaintiff could not recover. The evidence being undisputed as to the terms of the contract and whether it was joint or several, this question should not have been submitted to the jury, but the jury directed, as a matter of law, that the contract was a joint obligation, and that it created no obligation against the defendants severally. Willcox v. Arnold, 162 Mass. 577, 39 N. E. 414.

It follows, therefore, that the verdict must be set aside, a new trial granted, and the cause remanded for further proceedings according to law. All concur.