CASSIUS C. HAMMOND v. NORTHWESTERN CONSTRUCTION & IM-
PROVEMENT COMPANY, JOHN H. WISHEK, AND GEORGE W.
LILLY, AND NINA WISHEK, INTERVENER.

Opinion filed January 17, 1910.

**Partition of Real Property.**

1. In making the partition, referees must divide the real property,
and allot the several portions thereof to the respective parties, quality
and quantity relatively considered.

**Partition—Division of Real Property—Evidence.**

2. Evidence examined, and held sufficient to sustain the judgment
entered by the trial court partitioning the real property in controversy
in this action.

Appeal from District Court, McIntosh county; *Allen*, J.

Action by Cassius C. Hammond against the Northwestern Con-
struction & Improvement Company and others, and Nina Wishek, in-
etervner. Judgment for defendants, and plaintiff appeals.

Affirmed.

*A. W. Clyde,* for appellant.

*Wishek & Guy and W. S. Lauder,* for respondents.

CARMODY, J. On the 20th day of September, 1904, plaintiff and
the defendants were co-tenants in possession as tenants in common
of certain real property situated in McIntosh county, N. D. The
interest of each of said parties in the real property in question was
as follows: The plaintiff, one-eighth; the defendant Wishek, one-
eighth; the defendant Lilly, one-fourth; the defendant Northwest-
ern Construction & Improvement Company, one-half. On the
above-mentioned date the plaintiff brought this action to obtain a
judgment and decree petitioning the said property according to the
respective shares and interests of the parties hereto, and setting
apart and confirming to the plaintiff in severalty, one-eighth in value
thereof, etc. On the 19th day of April, 1905, the defendant North-
western Construction & Improvement Company sold and confirmed
to the intervener, Nina Wishek, all its right, title, and interest in and
to the property in question that remained unsold at that date. On
the 28th day of July, 1905, the defendants Wishek and Lilly served
their amended answer, in which they set forth the interests of the
respective parties, as the same were alleged in plaintiff's complaint,
and prayed for the same relief; that is, that a judgment and decree

be entered partitioning the real property involved according to the respective shares and interests of the parties as set forth both in the complaint and in the answer. On said 28th day of July, Nina Wishek filed her answer as intervener, in which she set forth the interests of the various parties in the property in question exactly as the same were set forth in the complaint of plaintiff and the answer of defendants Wishek and Lilly, and she also prayed for the same relief as each of the parties had prayed for in their respective pleadings. On the 10th of August, 1905, the defendant Northwestern Construction & Improvement Company served on plaintiff's counsel, and filed a notice of disclaimer on their part of any interest in, or claim to, any of the property involved in the action; this corporation having, as hereinbefore stated, on the 19th day of April, 1905, sold and conveyed to the said intervener all its right, title and interest in and to the property in question. On the 10th day of August, 1905, pursuant to an order to show cause, issued on request of defendants and intervener, the plaintiff not appearing, although such order was served on his attorney, the district court entered a preliminary judgment determining the rights and interests of the respective parties in and to the property in question, as to the respective portions to which each was entitled. The land in question is the W. 1-2 of section 31, township 130, range 69, McIntosh county, N. D. About 94 acres of the land were surveyed and platted into railway station grounds, and lots, blocks, streets, and alleys for the village of Ashley. There were 28 blocks platted in all, 19 of which were subdivided into 400 lots. The remaining blocks were undivided. Ashley is a small village in said McIntosh county, containing 300 or 400 inhabitants. The townsite proper consists of 28 blocks. The main street of the village runs east and west, commencing on the west side, between blocks 8 and 21, and ending on the east side between blocks 14 and 15.

Substantially all the business of the village is confined to blocks 11, 12, 17, and 18; 11 and 12 being on the north side of Main street, and 17 and 18 on the south side. The business streets are Main street, extending east and west, and Fifth street, running north and south, where the same extends between blocks 11 and 12. The case was tried by the court without a jury, it being stipulated that Hon. Frank P. Allen, judge of said court, should act as referee in partitioning said real property between said parties in proportion

to their respective interests. At the close of the trial, by consent of all parties, the unplatted portion of said property was surveyed so as to become capable of definite description, and by said survey it was subdivided and platted into 89 out lots, comprising in all 213.1 acres. The Soo railroad runs through said property from near the southeast corner to nearly the northwest corner thereof. After the commencement of this action, and before the trial thereof, plaintiff sold on contract 26 lots. During the same period defendant, Northwestern Construction & Improvement Company, sold some lots, but these were all settled for, and the proceeds divided between the parties to this action, and do not enter into this appeal. Defendant John H. Wishek allowed some parties to take possession of some other lots, with the understanding that in case they were awarded to the defendants and intervener, said lots would be sold to the parties who took possession of them. On the 7th day of December, 1906, a decree was made partitioning the property, awarding to plaintiff lots 23 and 24 in block 4; lots 15, 16, and 19 in block 5; lots 11, 21, and 22 in block 11; lots 1, 2, 3, 4, 5, 9, 18, 19, 20, and 21 in block 12; lot 18 in block 16; lots 5 and 8 in block 17; lots 3, 4, and 5 in block 26—being 24 of the 26 lots sold by the plaintiff, as hereinbefore mentioned. The balance of said real property was partitioned and awarded to defendants and intervener in the following proportions, to wit: An undivided one-eighth interest to J. H. Wishek; an undivided one-half interest to Nina Wishek; an undivided one-fourth interest to George W. Lilly. Judgment was entered on said decree on the 11th day of May, 1907, from which judgment this appeal is taken. Appellant desires a review of the entire case in this court.

We are met at the outset by a motion to strike out statement of the case, abstract, and brief, filed and served herein, and to affirm the judgment of the district court. As we have decided to pass on the merits of this case, it will not be necessary to decide said motion. The appellant contends that the issues of fact were erroneously decided by the district court, in each of the following particulars: (1) In not allotting to the plaintiff each and every one of the lots covered by his contract; (2) in not allotting to the plaintiff his proportional shares of the undivided blocks and out lots.

The evidence is undisputed that the plaintiff had previously sold the 24 lots awarded to him for $2,250. Fifteen of the lots were in

the heart of the business portion of the city; the other 9, residence lots. The defendants and intervener, although owning seven-eighths of the property, were only awarded 9 business lots, 4 in block 11, and 5 in block 18. The balance of the lots awarded defendants and intervener were nearly all unoccupied. The 89 outlying lots and blocks, consisting of 213.1 acres and blocks 7, 8, 9, 20, 21, 22, 23, and 24 were mostly valuable for farming purposes. There were three principal witnesses who testified to the value of the property; plaintiff, defendant J. H. Wishek, and J. J. Giedt. J. J. Giedt was an employe of plaintiff. There is considerable difference as to the value of the different tracts testified to by plaintiff and defendant, Wishek, but the undisputed evidence shows that the 24 lots sold by plaintiff, sold for $2,250. Considering the fact that the property was in litigation, that the plaintiff had only one-eighth interest therein, and that the purchasers knew that the property was in litigation, and knew what plaintiff's interest was, it is fair to assume that the lots were worth at least the amount they sold for. The evidence, we think, further shows that the value of the lots awarded defendants and intervener in the platted portion of the town was about $9,000, while the value of the other property awarded to defendants and intervener was of the value of about $6,000, making the total value of the property awarded to defendants and intervener about $15,000.

The rule of law contended for by appellant is undoubtedly correct. The same rule is laid down in section 7416, Rev. Codes 1905, which section, as far as material here, is as follows:

"In making the partition referees must divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, pursuant to the provisions of this chapter, designating the several portions by proper landmarks and may employ a surveyor with the necessary assistants to aid them." We think the learned trial court followed this rule in partitioning the property. He awarded plaintiff's grantees, 24 of the 26 lots sold by said plaintiff. It appears to us that the learned trial judge went as far as he could in his desire to protect the interests of plaintiff's grantees.

After a careful consideration of the entire case we are fully persuaded that the decision of the lower court was in all respects correct, and the judgment is accordingly affirmed. All concur.