## CLARENCE J. WILLBUR v. JOHN L. JOHNSON and Neil W. Gillies.

(155 N. W. 671.)

Equitable action to compel a reconveyance of land and for consequential damages. At the close of the trial, upon motion, the court dismissed the two causes of action. Plaintiff immediately asked for reinstatement, and that the trial proceed, and that two parties be joined which the court had, in the rulings on the motions to dismiss, held to be necessary parties. This request was granted conditioned upon terms, the allowance of which was over plaintiff's objection and protests, and which terms he failed to pay after he had procured one extension of time in which to make payment. Later, on motion noticed for hearing, the action was dismissed over plaintiff's written objections challenging the propriety of all previous rulings.

*Held:*

**Reconveyance of land — equitable action — necessary parties — dismissal of action — reinstatement — terms — proper parties.**

1. Under the facts, more fully stated in the opinion, the persons ordered brought in as additional parties, while proper parties, were not necessary parties to the action.

**Action — parties to — dismissal — nonjoinder.**

2. That the action should not have been dismissed because of their nonjoinder as parties to the action.

**Judgment — persons bound by.**

3. That said persons, having appeared in court and testified in plaintiff's behalf, and by their affidavits denied any interest in the subject-matter of the action, and requested judgment to be entered in plaintiff's favor if he was otherwise entitled to it, had undertaken to control to that extent the plaintiff's case, and would be bound by the judgment.

**Dower — right of — barred — court of equity — necessary parties.**

4. That as to one of said parties, the wife of plaintiff, the necessity for whose joinder as a party to the action was only to bar her right of dower of lands in controversy situated in a foreign state, a court of equity could obviate such necessity under the plaintiff's offer to prove that she would join with him in a deed to said lands, by an interlocutory decree conditioning his recovery upon conveyance by her of her dower interest in said lands. As full relief in equity could have been granted, she was not a necessary party.

**Relief — nonjoinder — parties — waiver — error — findings and conclusions.**

5. Where full relief could thus be afforded, the right to raise the question of nonjoinder of parties had been waived by failure to raise the same by demurrer or answer, and it was error to dismiss the action upon a motion at the close of the case. The court should have proceeded with the trial, and made its findings and conclusions.

**Order for continuance — challenge of — right to — waiver.**

6. Plaintiff has not waived his right to challenge the propriety of the order for continuance because he has not asked for the order made over his protests.

**Terms — payment of — extension of time — rights — waiver.**

7. Although he attempted to raise the money to pay the $75 terms imposed as a condition precedent upon his further proceeding, and was unable to make such payment, and in his endeavor to comply with said order requested and obtained a thirty days' extension of time to raise said amount for said purpose, plaintiff has not waived his right to question the imposition of said terms.

**Order for terms — benefits — adversary — appeal — review on.**

8. Under said order for terms, all benefits and advantages accrued to plaintiff's adversary, and plaintiff was conferring benefits instead of receiving them, and his ineffectual attempt to comply with the order was of no substantial benefit to him or loss to the adversary. Hence he does not lose his right to review on appeal the order for terms.

**Estoppel — appeal — order — acquiescence in — unqualified — benefits — substantial.**

9. To estop a party on appeal from challenging an order, his acquiescence therein must have been unqualified, and the benefits received by him as a basis for estoppel must have been substantial.

**Order for terms — vacation of — defendant's rights — unaffected — estoppel — propriety of order — right to question.**

10. As a vacation of the order for terms will not deprive defendants of any substantial advantage accruing because of the delay occasioned by plaintiff's attempt to comply with the order for terms, plaintiff is not estopped on this appeal from challenging the propriety of said order.

**Proof by plaintiff — incomplete — dismissal of action — judgment — reversal — new trial.**

11. As plaintiff was not permitted to complete his proof upon equitable issues, or upon the issue of damages involved, trial *de novo* will not be had, but the judgment entered will be reversed, and the order for terms vacated, and a new trial will be ordered upon all causes of action.

Opinion filed November 19, 1915.

From a judgment of the District Court of Morton County, *Nuchols,* J., plaintiff appeals.

Reversed and remanded.

*R. H. Neely,* and *Jorgenson & Eggen,* for appellant.

Every action must be prosecuted in the name of the real party in interest. Rev. Codes 1905, § 6807; Comp. Laws 1913, § 7395; Edmison v. Zborowski, 9 S. D. 40, 68 N. W. 288; McKinney v. Jones, 55 Wis. 39, 11 N. W. 606, 12 N. W. 381; Lenoch v. Yoss, 157 Iowa, 314, 136 N. W. 542.

Where a person appears as a witness in an action then pending, and testifies that she has no interest in the action, she is not a necessary party to the action. Gruber v. Baker, 20 Nev. 453, 9 L.R.A. 302, 23 Pac. 858.

Where persons appear as witnesses, and in their testimony expressly disclaim all interest in the subject-matter of the bill, this renders them unnecessary parties. McConnell v. McConnell, 11 Vt. 290; 15 Enc. Pl. & Pr. p. 625; Edinger v. Heiser, 62 Mich. 598, 29 N. W. 367.

Assuming that such a person is a necessary party, the objection is waived by failure to demur or raise the question by answer. Rev. Codes 1905, § 6858; Comp. Laws 1913, § 7447; Mather v. Dunn, 11 S. D. 196, 74 Am. St. Rep. 788, 76 N. W. 922; Ross. v. Wait, 4 S. D. 584, 57 N. W. 497; Lenoch v. Yoss, 157 Iowa, 314, 136 N. W. 542.

Where the adding of names of persons as parties does not vary or change the cause of action, and does not create the need of an ad-

journment, it should be permitted without cost. Rev. Codes 1905, § 6880, Comp. Laws 1913, § 7479; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310; Hunt v. Rooney, 77 Wis. 258, 45 N. W. 1084.

It is the business of courts to enforce and protect rights, and not to look for technicalities with which to defeat rights. Nashua Sav. Bank v. Lovejoy, 1 N. D. 211, 46 N. W. 411.

The deeds to defendants were null and void. Henniges v. Paschke, 9 N. D. 490, 81 Am. St. Rep. 588, 84 N. W. 350; Lund v. Thackery, 18 S. D. 113, 99 N. W. 856; Ellis v. Wait, 4 S. D. 454, 57 N. W. 229.

Where defects exist in a complaint, and are supplied by the answers, such defects are cured, and the evidence relative to such subject should have been received. Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677; Bliss, Code Pl. § 437; Pindall v. Trevor, 30 Ark. 249; Tilleny v. Wolverton, 46 Minn. 256, 48 N. W. 908; Durand v. Preston, 26 S. D. 222, 128 N. W. 129.

It was error for the court to deny the plaintiff's request to amend his complaint to conform to the proof,—especially when all of the omitted facts have been supplied by the answer and proof of defendant. Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114.

During his agency the defendant Gillies could not become a purchaser of the subject-matter of his agency, without plaintiff's consent. Ibid.; Jansen v. Williams, 36 Neb. 869, 20 L.R.A. 207, 55 N. W. 279; McNutt v. Dix, 83 Mich. 328, 10 L.R.A. 660, 47 N. W. 212; Boswell v. Cunningham, 32 Fla. 277, 21 L.R.A. 54, 13 So. 354.

*Robert F. Nash* and *John F. Sullivan,* for respondents.

If there was an irregularity in the making of the order of the trial court, the appellant is in no position to take advantage of it, because he was a beneficiary of the order. Freeman v. Clark, 28 N. D. 578, 149 N. W. 565; Ugland v. Farmers' & M. State Bank, 23 N. D. 536, 137 N. W. 572; Gould v. Duluth & D. Elevator Co. 3 N. D. 96, 54 N. W. 316; Taylor v. Taylor, 5 N. D. 58, 63 N. W. 893; May v. Cummings, 21 N. D. 287, 130 N. W. 828.

Neither can he complain of the fact that the court imposed terms upon the order allowing the amendment. This matter is purely in the discretion of the court. Rev. Codes 1905, §§ 6882, 6883, Comp. Laws 1913, §§ 7481, 7482; North Dakota Co. v. Mix, 25 N. D. 81, 141 N. W. 68.

A party asking to amend his pleading, and obtaining permission to do so, may reject such permission when it is only given upon terms which he does not accept. But he cannot accept such order so far as it is to his benefit, and reject the rest. McKain v. Mullen, 29 L.R.A.(N.S.) 25, note; Smith v. Rathbun, 75 N. Y. 122.

A plaintiff threatened with a nonsuit, who asks and gains permission to amend and postpone the trial, upon payment of terms, waives his right to appeal from the order of the court. Austin v. Wauful, 36 N. Y. S. R. 779, 13 N. Y. Supp. 184; Weichsel v. Spear, 15 Jones & S. 223; Rev. Codes 1905, § 6884, Comp. Laws 1913, § 7483.

Where a judgment is irregularly entered in the district court, a motion is the proper remedy. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; 31 Cyc. 386; Carter v. Paige, 3 Cal. Unrep. 64, 20 Pac. 729; Morris v. Thomas, 80 App. Div. 47, 80 N. Y. Supp. 502.

Assignments of error not discussed in appellant's brief are presumed abandoned, and will not be considered in the supreme court. Nokken v. Avery Mfg. Co. 11 N. D. 399, 92 N. W. 487; Schmidt v. Beiseker, 19 N. D. 35, 120 N. W. 1096; Senn v. Connelly, 23 S. D. 158, 120 N. W. 1097; Sioux Falls Pressed Brick Co. v. Board of Education, 25 S. D. 36, 125 N. W. 291; Bolte v. Equitable Fire Asso. 23 S. D. 240, 121 N. W. 773.

In the absence of a showing otherwise, it will be presumed that the law of a given state is the common law. Comp. Laws 1913, § 7936; Hanson v. Great Northern R. Co. 18 N. D. 324, 138 Am. St. Rep. 768, 121 N. W. 78; 10 Am. & Eng. Enc. Law, 125, 204.

If the persons whom the court ordered to be made parties were not so brought in, the decree would not be conclusive as to them. Eyster v. Hatheway, 50 Ill. 521, 99 Am. Dec. 537; Borchert v. Borchert, 141 Wis. 142, 123 N. W. 628.

Where the agreement by a grantee in a deed to support the grantor for life also provides for the payment of money to third persons, and the payment is made a charge upon the land, the third persons are necessary parties to an action by the grantor to cancel the contract for failure to provide. Young v. Young, 157 Wis. 424, 147 N. W. 362.

All the owners who joined in a deed are necessary parties to an action to set it aside. 6 Cyc. 320, 322; Rogers v. Penobscot Min. Co.

83 C. C. A. 380, 154 Fed. 606; Pom. Rem. & Rem. Rights, 2d ed. ¶ 419.

Where a necessary party has been omitted, the court should, of its own motion, require the omission to be corrected before further proceedings. 30 Cyc. 141; Dedrick v. Charrier, 15 N. D. 515, 125 Am. St. Rep. 608, 108 N. W. 38.

Deeds executed and delivered, with the name of the grantee omitted, are not void; and where it is understood that further hearings of the court shall be had if plaintiff amends his complaint, and further proof is offered, supplying such omissions, the supreme court, on appeal in such case, will refuse a trial de novo. Mapes v. Metcalf, 10 N. D. 601, 88 N. W. 713; Nichols & S. Co. v. Stangler, 7 N. D. 102, 72 N. W. 1089; Campbell v. Smith, 8 Hun, 6, 71 N. Y. 26, 27 Am. Rep. 5; McClung v. Steen, 32 Fed. 373; Wilkins v. Tourtellott, 28 Kan. 825; Ormsby v. Johnson, 24 S. D. 494, 124 N. W. 436; McCleery v. Wakefield, 76 Iowa, 529, 2 L.R.A. 529, 41 N. W. 210.

Where complaint is amended during trial to render certain testimony admissible, plaintiff should be required to pay all costs before trial. Ruellan v. Stillwell, 23 N. Y. Civ. Proc. 243, 56 N. Y. Supp. 344; Hayes v. Kerr, 39 App. Div. 529, 57 N. Y. Supp. 323; Bates v. Salt Springs Nat. Bank, 43 App. Div. 321, 60 N. Y. Supp. 313; Foerst v. Empire L. Ins. Co. 44 App. Div. 87, 60 N. Y. Supp. 393; Thilemann v. New York, 71 App. Div. 595, 76 N. Y. Supp. 132; Dunham v. Hastings Pav. Co. 109 App. Div. 514, 96 N. Y. Supp. 313; Cohen v. Husson, 3 How. Pr. N. S. 130.

Goss, J. This action is in equity to compel a reconveyance of exchanged real estate and for damages. Issue was joined and a trial had, wherein, after submission of his proof, plaintiff rested. Thereupon both causes of action were separately dismissed on motion of defendants, the court ruling orally that two persons, viz., plaintiff's wife, Teressa Willbur, and his mother-in-law, Anna B. Cummings, both of whom had testified in plaintiff's behalf and were present in court, were necessary parties to the action. Plaintiff then asked to reopen the case for the purpose of naming them as additional parties, "and for the purpose of introducing evidence to show that the plaintiff and his wife are ready, willing, and able to return to the defendants a deed to the

land conveyed to them in the state of Tennessee." Defendants objected, and demanded time to plead to said new parties, and terms to recompense them for the continuance of the case. Plaintiff desired to proceed with the trial, and objected to terms, stating that "requiring him (plaintiff) to put up any costs would practically mean that he could not come into court" again. The cause was continued, and the two persons named were ordered to be brought in as parties, and directed to plead, with the usual time allowed defendants for answer or demurrer; and $75 terms was imposed upon plaintiff, same to be paid at the time of the serving of the pleadings bringing in said additional parties, as a condition precedent to plaintiff taking any further steps in the action. No payment of terms was made. Soon thereafter a notice to dismiss the action for noncompliance with said order was noticed. At the hearing plaintiff opposed a dismissal of the action, and asked for further time within which to raise the money to pay the terms, as appears from the affidavit of his attorney, reciting his inability to pay the terms as a reason for their nonpayment. The court thereupon extended the time for their payment from the 19th of August to the 18th of September. The latter date expired with no payment of terms made, or compliance with the order as to service of pleadings or bringing in of the additional parties. On September 27th a motion to dismiss because of such noncompliance was again presented. Upon that hearing plaintiff's counsel appeared, and by written objection challenged the propriety of the order made in the first instance compelling the bringing in of said additional defendants, setting out that they were proper but not necessary parties; that the objection of nonjoinder of parties was one that could not be taken advantage of by motion, or otherwise than by demurrer or answer, and that any objection on that ground to parties plaintiff accordingly had been waived because not so raised, and calling attention to the fact that said parties had been present at the trial, and were in the courtroom, and "would have then and there testified that they had no interest whatever in the subject-matter of the action, had the court granted the plaintiff's motion and allowed them to so testify," and that the terms imposed were prohibitive of further proceedings on plaintiff's part, because he was unable to pay them. These are set forth in affidavits, including those of Teressa Willbur and Anna B. Cummings, disclaiming any interest in the subject-matter of the action. The only

reason for Teressa Willbur as a party to the action arose from the fact that in the exchange plaintiff had taken over some Tennessee real estate, and under the law, it being presumed that the foreign law is the common law, she would have a dower interest in said Tennessee property. In her affidavit of disclaimer of interest, offered in opposition to the motion to dismiss, she stated that "if she has any interest in said land she is now and always has been ready, willing, and able to sign and execute any instrument that the court might direct," in case a retransfer was decreed. The motion was granted, without findings or conclusions being made, but upon the evidence submitted, and the cause was dismissed with prejudice and with costs as for noncompliance with the terms order. Plaintiff appeals and demands a trial de novo.

Respondents contend that the appellant is estopped from urging error, because "the court, acting on the request and motion of the appellant, granted leave to amend the pleadings on plaintiff's behalf against the objections of the defendants, and the plaintiff acquiesced in the order, and consented to the continuance of the case in order to so plead. The plaintiff did not specifically acquiesce, but not taking objections to the question waived all rights to such objection, and by his acts in the matter showed that he desired the continuance of the action, and in order to comply with the order of the court, made at plaintiff's request, it was necessary to continue the action. That such order and continuance were made for the benefit of the plaintiff and at his request, and that plaintiff could not be aggrieved thereby." The first question presented, then, is whether plaintiff can review the propriety of the order imposing terms.

The record discloses that plaintiff's request to be permitted to make these persons additional parties was only done because the court had ruled that if they were not made parties the action would be summarily dismissed. In fact, the court had already orally ordered it dismissed before the motion was made, and in making the motion the plaintiff treated the case as dismissed, and asked a vacation of the order of dismissal. But the action was still pending and not dismissed, in the absence of a proper written order of dismissal filed or entered. But taking his cue from the court, and to avoid dismissal, plaintiff made the request, but with the understanding and intent on his part to immediately proceed with the trial, and that there should be no delay in the

progress of the trial. This request was not granted unconditionally, because of the objections of the defendants, and their demand for time to plead, and their counsel's insistence upon the allowance of terms in their favor. . So when the court allowed said additional parties to be brought in, it was upon terms as a condition precedent thereto over plaintiff's objections, with which terms plaintiff was unable to comply. The election to bring said parties into the action was thus made under compulsion. Plaintiff should not be held to waive his right to have the propriety of such an order reviewed, unless from his conduct subsequent to the making of the order it must be said that his intention "to waive (such right of appeal) must be unmistakable," as "the right of appeal is always favored," quoting from Wishek v. Hammond, 10 N. D. 72, at page 75, 84 N. W. 587. "A plaintiff who elects, under compulsion of an order of court, to strike out one of two causes of action and to proceed upon the other, instead of allowing his action to be dismissed, does not thereby waive his right to object to such compulsory order, but is entitled to abide his time for the correction of the error upon a final appeal." Jones v. Johnson, 10 Bush, 649. See note in McKain v. Mullen, 29 L.R.A.(N.S.) 1. By the mere electing, on the court's order, to bring in said additional parties under penalty of suffering a dismissal, appellant has not waived his right to challenge the propriety of the order bringing them in, or its necessity, or the error, if any, in the proceedings leading up to said order.

But has appellant by subsequent proceedings, by acquiescence in the order, by attempting to comply with it, precluded himself from challenging it and the prior proceedings in the trial? It is to be noticed that the order is an interlocutory one, and is in no sense a judgment. In accepting the benefit of the extension of time granted at his request, he was not accepting benefits under a judgment. But in fact he was accepting no benefits, as he was obtaining none. Nor was his adversary parting with any advantage. Had the tables been turned, and plaintiff been in the position of the defendants, and the terms had been paid him, he would have been accepting benefits, which acceptance would have estopped him to question the regularity and validity of the prior proceedings under which the benefit was derived. Boyle v. Boyle, 19 N. D. 522, 126 N. W. 229. But merely temporary acquiescence in the order to the extent of making an endeavor to comply with its terms,

and this under compulsion, should not be held to waive the right to have the same reviewed on appeal. The rule applicable is accurately stated in the closing paragraph to the note in 29 L.R.A.(N.S.) 1, at page 37, in the following language: "The foundation of the rule is the receipt by the plaintiff in error, or appellant, of some benefit or advantage by or under the judgment or decree of which he complains. If, therefore, he declines the benefit and puts aside the advantage, or if all the benefits and advantages accrue to his adversary, so that he confers instead of receives them, or if he ineffectually attempts, and so fails to get the benefits,—in any of these cases he does not lose his right to prosecute a writ of error or maintain an appeal." See also 3 C. J. 675, 679, and cases cited. All benefits have accrued to plaintiff's adversary. His ineffectual attempt to pay benefits to them should not deny him his rights on this appeal. The holdings of this court have always been in accord with the doctrine that, before rights on appeal can be said to have thus been estopped, substantial benefit must have been enjoyed by the appellant to the detriment of the defendant, and to an extent to involve the judgment appealed from. In Williams v. Williams, 6 N. D. 269, 69 N. W. 47, quoted with approval in Tuttle v. Tuttle, 19 N. D. 748, at page 750, 124 N. W. 427, it is said: "The test is this: Suppose the judgment should be reversed, will the appellant thus hold some substantial advantage to which she would not have been entitled had not the judgment been rendered?" Quoting further from Tuttle v. Tuttle, reference is made to Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 468, wherein it was said: "It is held that the plaintiff cannot accept what the judgment gives him, and then by appeal pursue a course which may overthrow the right of which he has availed himself, and it seems to make the test this, namely: That if a reversal of a judgment and a new trial may result in the decision showing that the plaintiff was not entitled to what the former judgment gave him, then the appeal should be dismissed on showing that a benefit has been accepted." By necessary inference these holdings are that the advantage derived or benefit gained by the appellant under the order or judgment challenged on appeal must be what can be termed substantial. Here it can be said to be no more than mere acquiescence for a short period, evidenced by an attempt to comply with the order to do something which would have been of substantial benefit to the ad-

versary. Nor is the short respite obtained in keeping the suit from being earlier dismissed, or dismissed at the close of the trial, such a benefit. Had the suit been dismissed immediately, defendants would have possessed all they now enjoy so far as this action and subject-matter involved is concerned. The propriety of the order for judgment given for nonpayment of terms, therefore, must be considered.

This order cannot be sustained unless the persons ordered to be brought into the action were necessary, as distinguished from proper, parties to the suit. They could have been made parties, either plaintiff or defendant. It must also be conceded that plaintiff was the real party in interest, both under the contract of sale made by him to defendants and the transfer thereunder, and in and to the property transferred by him. That one of the quarters of land stood in the name of Cummings did not authorize her to sue or claim benefits under said contract between these contracting parties. Defendants are not in position to assert that she has any interest in said land, because she has parted therewith, delivering title thereto to defendants in pursuance of plaintiff's contract of sale with them. They dealt with plaintiff, and received the deed as an assignment of rights in the land from, by, and under the contract, although clothed with that right by deed direct from the third party to them. They are grantees of plaintiff as assignees of his rights under his contract with the third party, and they must claim and possess any rights they have under that assignment, and cannot be heard to claim adversely thereto. It would be unheard of to permit them to retain title to this land, received as the fruits of the contract with plaintiff, and still assert that, inasmuch as the premises came to them by grant from another, that the plaintiff could not rescind and compel reconveyance by them to him of whatever interest they are vested with, without the third party, a mere nominal party to the transaction, being made a party to the suit.

That plaintiff is the real party in interest must be conceded under the proof disclosing him to be the equitable owner of the land sold under his contract with defendants. Our statutes require suit to be prosecuted in the name of the real party in interest. Section 7395, Comp. Laws 1913. That the holder of the equitable title is the real party in interest within the meaning of the statute, see Gruber v. Baker, 20 Nev. 453, 9 L.R.A. 302, 23 Pac. 858, a very similar case, and note in 64 L.R.A.

581, at 592, that "the general rule is that the equitable owner of the claim sued upon may sue as the real party in interest, under statutes requiring an action to be brought in the name of the real party in interest."

But there is another reason negativing the necessity of the joinder of Cummings. She was present and testified to having heard Johnson consummate the deal trading her land as his own for this Tennessee property, and to her having deeded her land to defendants "for the purpose of carrying out this trade with Johnson." That she was present when the "deal was closed up, when the deeds were delivered;" that she knew "that her land was being traded in by Johnson as a part of the deal and delivered her deed to carry out that trade." Before entry of judgment on the motion, the trial court had before it her verified disclaimer of interest, wherein she recited that "affiant does not and has not since the execution of said deed claimed any interest in said land that will not be fully protected by a judgment as prayed for by the plaintiff, and that her claim in this matter is for the balance of the purchase price against the plaintiff, but she has no interest in the subject-matter of this action." To this extent she has undertaken to control the plaintiff's case, and waived her rights, if any she had, to be made a party thereto, and estopped herself to claim the contrary, or assert rights antagonistic to any judgment that might have been rendered, as she will be bound by it as effectually as though she was a party to the action. This is the settled law of this jurisdiction. Boyd v. Wallace, 10 N. D. 78, 84 N. W. 760, quoted and applied in Hart v. Wyndmere, 21 N. D. 383, at page 398, 131 N. W. 271, Ann. Cas. 1913D, 169. She was bound as effectually as though she was a party, so far as the defendants were concerned, and this judgment of dismissal binds her as it does the plaintiff.

As to Teressa Willbur, wife of plaintiff, she would probably be estopped as effectually as A. B. Cummings, although possibly a question might arise as to her right to orally assign or otherwise waive her right of dower in the Tennessee land, under the statute of frauds. See discussion of the effect of the statute of frauds on assignment of dower, in Smith on the Law of Fraud, §§ 366, 367, citing much authority; Stitt v. Smith, 13 L.R.A.(N.S.) 723, and note (102 Minn. 253, 113 N. W. 632.) But her dower right may be conceded as neither waived

nor lost; still she may not be a necessary party, and would not be such if her affidavit before the court, filed prior to the time judgment was awarded, be taken as true, wherein she states "she is now and has always been ready, willing, and able to sign or execute any instrument that the court may direct; that she approves the action by the plaintiff, and that she desires that a decree be made in accordance with the prayer of the plaintiff herein." No good reason appears why she should not have been taken at her word, or at least have been allowed to have testified on that matter, plaintiff offering her as a witness on the question, in the offer of proof made as a part of the request to reopen the case. The court might have fully protected any rights of defendants against any dower rights of the wife of plaintiff by entering an interlocutory decree, after findings and conclusions made as a basis therefor, providing for the filing, for delivery to the defendants, of the joint deed of plaintiff and wife to defendants of the Tennessee land within a time limit named, and conditioned plaintiff's recovery, upon compliance with said order, if plaintiff was otherwise entitled to recover. This would have easily obviated all question of the necessity of joinder of the wife as a party.

What has been said has been upon the assumption that a court of equity will not treat the failure of the defendants to raise the nonjoinder of these two persons as parties by demurrer or answer under the provisions of §§ 7442–7447. These statutes require the matter to be raised by demurrer if the defect of parties appears on the face of the complaint, and if not, to be taken by answer, and if not raised either by demurrer or answer, "the defendant shall be deemed to have waived the same." The objection was waived under the terms of the statute and a line of decisions in this state construing it. State ex rel. Viking Twp. v. Mikkelson, 24 N. D. 175, 139 N. W. 525; Van Gordon v. Goldamer, 16 N. D. 323, 113 N. W. 609; Clements v. Miller, 13 N. D. 176, 100 N. W. 239; Olson v. Shirley, 12 N. D. 106, 96 N. W. 297; Ross v. Page, 11 N. D. 458, 92 N. W. 822; James River Nat. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7.

Under no sufficient hypothesis can the order and judgment be sustained. The court should either have made findings and conclusions and entered judgment, or retained the case for further proceedings on trial. As the cause of action for damages depended upon the establish-

ment of the right to a retransfer, that cause of action should not have been eliminated, as it was, until determination on the merits of the equitable features of the case, after which the issue of damages would arise. A trial of this issue on the merits was prevented. While the case is here on appeal for trial *de novo,* the case was but partially tried, and a retrial is necessary. A new trial is therefore granted on all causes of action involved. Plaintiff will recover costs on appeal, and the judgment entered against him in the action is ordered vacated.